IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC.<br><br>PLAINTIFF,<br><br>v.<br><br>CITY OF BOSTON, MA<br><br>DEFENDANT. | CASE NO. 1:21-CV-10102 |

**DEFENDANT CITY OF BOSTON'S ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rules 8 and 12 of the Massachusetts Rules of Civil Procedure, Defendant City of Boston ("Defendant" or "Defendant City"), by and through its undersigned attorney, hereby answers Plaintiff The Satanic Temple, Inc.'s ("Plaintiff" or "TST") Amended Complaint (the "Complaint"), except as to those counts of the Complaint that were dismissed pursuant to the Court's Order in this action dated July 21, 2021. See ECF No. 17. Any allegation of the Complaint not expressly admitted is deemed denied. Further, Defendant City hereby sets forth its affirmative defenses to the Complaint.

INTRODUCTION[1]

1. The allegations contained in Paragraph 1 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant admits only that, according to the Complaint itself, Petitioners purport to bring this action in the nature of mandamus.

2. Paragraph 2 of the Complaint contains allegations which set forth conclusions of law, as to which no response is required. Defendant denies the remaining allegations.

3. Denied.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent that those headings and titles could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 of the Complaint set forth conclusions of law, as to which no response is required.

5. The allegations contained in Paragraph 5 of the Complaint set forth conclusions of law, as to which no response is required.

6. The allegations contained in Paragraph 6 of the Complaint set forth conclusions of law, as to which no response is required.

## PARTIES

7. Defendant admits only that, in 2018, TST sought an opportunity to deliver an invocation. Defendant denies that TST was rejected because it lacked the political clout to obtain a sponsorship. As to the remaining allegations contained in Paragraph 7 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny them.

8. Defendant admits that the City of Boston is a municipal corporation located in Suffolk County, MA; that Boston serves as the capital of Massachusetts and its most populous city; and that Boston's government includes a legislative branch consisting of 13 councilor seats, all of which are publicly elected positions and one of which serves as chair and Council President. Further answering, Defendant admits that before council meetings, the Council holds an invocation, the speaker of which is selected by councilors on a rotating basis. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

## FACTS ALLEGED

### Background

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted.

14. Defendant admits only that each councilor can select who deliver an invocation at their meeting. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. The allegations contained in Paragraph 19 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 19.

## TST's Request

20. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint refer to, and attempt to restate, an email which is annexed as Exhibit 1 to the Complaint in this matter, which speaks for itself, which speaks for itself. As such, no response is required.

27. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint.

36. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint. To the extent that Paragraph 37 contains excerpts from true and accurate copies of public records, those documents speak for themselves and, as such, no response is required.

38. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40. The allegations contained in Paragraph 40 of the Complaint refer to, and attempt to restate, an email which is annexed as Exhibit 2 to the Complaint in this matter, which speaks for itself. As such, no response is required.

41. Denied.

42. To the best of Defendant's knowledge and information, Defendant admits that no other religious group has requested an opportunity to deliver an invocation before the Council. Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43 of the Complaint.

44. The allegations contained in Paragraph 44 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant admits the allegations contained in Paragraph 44.

45. The allegations contained in Paragraph 45 of the Complaint set forth conclusions of law, as to which no response is required.

46. Admitted.

47. Admitted.

48. Denied.

49. Admitted.

50. Defendant admits only that the invitation to Reverend Popperson was extended by Councilor Matt O'Malley. Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. Admitted.

52. The allegations contained in Paragraph 52 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 52.

53. Denied.

54. Denied.

55. The allegations contained in Paragraph 55 of the Complaint refer to, and attempt to restate, the lack of probable cause determination issued by the Massachusetts Commission Against Discrimination ("MCAD") in a related administrative proceeding, a document which speaks for itself.

56. The allegations contained in Paragraph 56 of the Complaint refer to, and attempt to restate, the lack of probable cause determination issued by the MCAD in a related administrative proceeding, a document which speaks for itself.

57. The allegations contained in Paragraph 57 of the Complaint set forth conclusions of law, as to which no response is required.

58. Denied.

The Effect of the Practice

59. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 59 of the Complaint.

60. Denied.

61. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 70 of the Complaint.

71. Denied.

72. Denied.

73. Denied.

## CAUSES OF ACTION

### Count 1

Violation of the Establishment Clause

74. The allegations contained in Paragraph 74 of the Complaint set forth conclusions of law, as to which no response is required.

75. The allegations contained in Paragraph 75 of the Complaint set forth conclusions of law, as to which no response is required.

76. The allegations contained in Paragraph 76 of the Complaint set forth conclusions of law, as to which no response is required.

77. The allegations contained in Paragraph 77 of the Complaint set forth conclusions of law, as to which no response is required.

78. The allegations contained in Paragraph 78 of the Complaint set forth conclusions of law, as to which no response is required.

79. The allegations contained in Paragraph 79 of the Complaint set forth conclusions of law, as to which no response is required.

80. The allegations contained in Paragraph 80 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 80.

81. The allegations contained in Paragraph 81 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 81.

82. The allegations contained in Paragraph 82 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 82.

83. The allegations contained in Paragraph 83 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 83.

84. The allegations contained in Paragraph 84 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 84.

85. The allegations contained in Paragraph 85 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 85.

86. The allegations contained in Paragraph 86 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 86.

87. The allegations contained in Paragraph 87 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 87.

88. The allegations contained in Paragraph 88 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 88.

89. The allegations contained in Paragraph 89 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 89.

90. The allegations contained in Paragraph 90 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 90.

### Count 2

Violations of the Free Speech Clause and the Free Exercise Clause

91. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

92. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

93. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

94. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

95. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

96. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

97. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

98. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

99. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

Count 3

Violation of the Equal Protection Clause

100. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

101. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

102. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

103. Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

104.   Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

105.   Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

106.   Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

107.   Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

108.   Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

109.   Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

110.   Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

111.   Because of the Court's Order docketed in this action as Document No. 17, no answer is required to this paragraph of the Complaint.

<u>Count 4</u>

Violation of Massachusetts' Free Exercise Clause

112.   The allegations contained in Paragraph 112 of the Complaint set forth conclusions of law, as to which no response is required.

113.   The allegations contained in Paragraph 113 of the Complaint set forth conclusions of law, as to which no response is required.

114. The allegations contained in Paragraph 114 of the Complaint set forth conclusions of law, as to which no response is required.

115. The allegations contained in Paragraph 115 of the Complaint set forth conclusions of law, as to which no response is required.

116. The allegations contained in Paragraph 116 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 116.

117. The allegations contained in Paragraph 117 of the Complaint set forth conclusions of law, as to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 117.

In response to the paragraphs which appear immediately following Paragraph 117 of the Complaint and titled as "Prayer for Relief", no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses, without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove.

### First Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, for failing to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, release, waiver, and/or estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are moot.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because at all times relevant hereto Defendant acted in good faith and, upon reasonable belief, that Defendant's actions were in compliance with relevant authority.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damages.

### **RESERVATION OF RIGHTS**

Defendant expressly reserves the right to assert any additional affirmative or other defenses that may later become warranted as the result of discovery. Further, Defendant reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief, including the relief demanded, and respectfully requests that this Court dismiss with prejudice the Complaint, enter judgment in Defendant's favor, and award Defendant its costs and reasonable attorneys' fees as well as such other relief that this Court deems just and proper.

        Respectfully submitted,

        DEFENDANT,

        CITY OF BOSTON,

        By its attorney,
        Henry Luthin,
        Corporation Counsel

        /s/ Nailah A. Freeman_____
        Robert Arcangeli (BBO #689034)
        Nailah A. Freeman (BBO #695910)
        City of Boston Law Department
        One City Hall Square, Room 615
        Boston, MA 02201
        Telephone: (617) 635-4064
        Facsimile: (617) 635-2012
        Robert.arcangeli@boston.gov
        nailah.freeman@boston.gov

Dated: August 10, 2021

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on August 10, 2021, this document was served on Plaintiff by electronic mail as follows:

                                        /s/ Nailah A. Freeman
                                        Nailah A. Freeman