**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **THE SATANIC TEMPLE, INC.** | **CASE NO.** 21-CV-10102 |
| PLAINTIFF, | |
| V. | **MOTION TO STRIKE ANSWER** |
| **CITY OF BOSTON, MA** | |
| DEFENDANT. | |

**COMES NOW** Plaintiff The Satanic Temple ("**TST**"), by and through counsel of record, on motion to strike Defendant's untimely answer pursuant to FRCP 12(f).

1. The Court entered an order denying the partial motion to dismiss on July 21. [ECF [21]].

2. On August 4, Defendant's answer was due. FRCP 12(a)(4)(A).

3. Defendant did not answer by August 4.

4. On August 9, undersigned counsel filed a declaration in support of default. [ECF [22]].

5. Through counsel, Plaintiff conferred with Defendant in good faith to avoid or narrow this motion. Particularly, on August 9, undersigned counsel issued an opinion letter that Defendant was in default and, within seven days, a motion for default judgment would issue, seeking relief not different in kind from the prayer for relief in the amended complaint. See FRCP 54(c) (default judgments cannot differ in kind from the prayer for relief).

6. On August 10, Defendant filed its answer. [ECF [23]].

7. On August 13, Plaintiff supplemented the opinion letter that the answer was untimely and subject to a motion to strike. Plaintiff volunteered that FRCP 6(b)(1)(B) provides for an extension after the fact, provided there is "excusable neglect," and requested Defendant's proffer of "excusable neglect."

8. On August 20, 2021, the parties had a good faith teleconference on the issue wherein Defendant made two proffers of excusable neglect. Mr. Arcangeli had a response to a petition for writ of certiorari due on July 23, after which he was on vacation for two weeks. Ms. Freeman was on vacation for the same two-week period and miscalculated the deadline as August 11.

9. Defendant's proffers of excusable neglect are unavailing because it never filed a motion to extend the deadline, even though Plaintiff previously suggested that as the appropriate course.

10. As detailed in the accompanying memorandum in support, Plaintiff respectfully submits that neither proffer constitutes "excusable neglect" within the meaning of FRCP 6(b)(1)(B).

11. As detailed in the accompanying memorandum in support, Plaintiff respectfully submits that Plaintiff will suffer prejudice without entry of default.

12. Today is the deadline for Plaintiff's motion to strike. FRCP 12(f) (the deadline is 21 days after the untimely pleading).

**WHEREFORE** Plaintiff prays this Court (1) strike Defendant's answer; (2) direct the Clerk to enter a notice of default against Defendant; and (3) enter a default judgment, not different in kind from that prayed for in the amended complaint (FRCP 54(c)).

Respectfully submitted on August 31, 2021,
By: Matthew A. Kezhaya, AR # 2014161, *phv*
**KEZHAYA LAW PLC**
333 S. Seventh St., Suite 2450
Minneapolis, MN 55402
phone: (479) 431-6112
facsimile: (479) 282-2892
email: matt@kezhaya.law

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on August 31, 2021 which sends service to registered users, including all other counsel of record in this cause.  /s/ Matthew A. Kezhaya