IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC. <br> PLAINTIFF, <br> v. <br> CITY OF BOSTON, MA <br> DEFENDANT. | CASE NO. 1:21-CV-10102-AK |

**DEFENDANT CITY OF BOSTON'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH REGARDING THE DEPOSITION OF CITY COUNCILOR AT LARGE MICHELLE WU**

Pursuant to Fed. R. Civ. P. 26(c)(1), Defendant City of Boston ("Defendant") hereby submits this memorandum of law in support of its emergency motion for a protective order and motion to quash the subpoena noticed for Michelle Wu ("Councilor Wu"). *See* Notice for Deposition attached as **Exhibit 1**. For the reasons set forth below, Defendant requests that this Court enter an order precluding the deposition of Councilor Wu.

I.     **FACTUAL & PROCEDURAL BACKGROUND**

    a.   **Introduction**

This case is about the Defendant City of Boston's City Council ("City Council") longstanding tradition of presenting invocations before the commencement of its legislative sessions. At the beginning of each calendar year, the Central Staff Director assigns for the Council President meeting dates for each City Councilor which the designated City Councilor is responsible for coordinating the invocation, which includes inviting a guest to deliver it. The Central Staff Director prepares a schedule of the dates of the council meetings along with the names of the City Councilors responsible for securing an invocation speaker. The selection of the invocation speaker is left within the discretion of the individual City Councilors and their respective staff. The Council President does not approve and is not otherwise involved in the

1

selection of any invocation speaker, aside from the speakers that she personally invites in her role as a City Councilor on her assigned dates.

Plaintiff asserts, in summary, that the selection practice of the City Council regarding its invocation speakers violates the Establishment Clause of the First Amendment. The operative assertions of Plaintiff's Complaint are as follows:

1. Plaintiff has demanded an invitation to offer an invocation before the City Council in 2016, 2017, and 2018. *See* Amended Complaint at ¶¶22-24, attached hereto as **Exhibit 2**.
2. On October 2, 2018, Plaintiff demanded an invitation from then-Council President Andrea Campbell and did not receive an invitation. *Id.* at ¶¶25-26.
3. Plaintiff's 2016 and 2017 demands also did not result in invitations to deliver invocations before the Council. *Id.*
4. Defendant's stated practice around its selection of invocation speakers is that each councilor will generally invite "either a clergy person or a layperson who is a member of the Boston community and/or [sic] has some connection or relevance to the inviting City Councilor's constituents or personal life." *Id.* at ¶46.
5. Plaintiff contests that Defendant's selection practice is as stated. *Id.* ¶¶46-47.
6. Plaintiff alleges that the Council's practice of permitting individual councilors the discretion to invite their own invocation speakers, the alleged resulting disproportionate representation of religious denominations, and the fact that Plaintiff has not yet received an invitation point to religious discrimination.

Notably, throughout Plaintiff's entire Complaint, Plaintiff makes no mention of Councilor Wu and does not take aim at each councilor's individual personal selection process, but rather the City Council's upholding of the stated practice. *See, generally,* Complaint.

### b. Relevant Factual Background

On September 9, 2021, Defendant produced to Plaintiff its initial disclosures, which identified forty-seven (47) individuals who are likely to have discoverable information regarding the subject case. On October 8, 2021, Plaintiff served discovery requests on Defendant. Then on Friday, October 22, 2021, prior to the deadline for Defendant's responses to Plaintiff's October 8th written discovery requests and less than two weeks before the date of the noticed deposition date, Plaintiff informed Defendant that it intended to take the deposition of one individual from

the list of forty-seven individuals on November 2, 2021, the date of the City of Boston's local election. Councilor Wu is a candidate for mayoral office in this upcoming election. Defendant notified Plaintiff that Councilor Wu would be unavailable on that day.[1] Subsequently, Plaintiff represented that he was not willing to amend the deposition notice.

On October 27, 2021, counsel for the parties conferred pursuant to Local Rule 7.1 in an effort to avoid the current motion and were unsuccessful. Defendant again informed Plaintiff of Councilor Wu's unavailability and its position with respect to the deposition of Councilor Wu, Plaintiff could not provide a reasonable basis for requiring Councilor Wu's deposition on that particular date.

Plaintiff does not seek the depositions of lower ranking personnel who may possess similar or the same information or knowledge with respect to the claims. Nor does Plaintiff seek to depose any of the city councilors mentioned in its Complaint. Plaintiff seeks only to depose Councilor Wu on a date that is unduly burdensome to her. Thus, considering that Defendant provided Plaintiff the information for forty-seven (47) individuals who are likely to have discoverable information regarding the subject case; that discovery in this case closes in October of 2022; and that Plaintiff has yet to receive any discovery from Defendant in this matter, Plaintiff's insistence on deposing Councilor Wu is simply harassment.

**II.   ARGUMENT**

    A.   <u>Standard of Review</u>

A protective order may issue, as justice requires and for good cause shown, to protect any person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense, including…[an order] that the discovery not be had." Fed. R. Civ. P 26(c). The authority to limit discovery under Rule 26(c) is within the trial judge's broad discretion in

---

[1] Plaintiff has since duly served notice of Councilor Wu's deposition and subpoena on counsel for Councilor Wu.

determining pretrial matters. *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir 1989); *Poliquin v. Garden Way, Inc.*, 989 F.2d. 527, 532 (1st Cir. 1993); *Hudson v. Commissioner of Correction*, 46 Mass.App.Ct. 538, 549 (1999).  Even relevancy of the information sought does not automatically give rise to the right of a party to discover such information, as Rule 26(c) gives the court the power to limit the scope of discovery even if the information sought is within the compass of Rule 26(b). *Santiago* at 379.  In assessing whether to issue protective orders, courts generally balance the harm to the party seeking discovery against the relevance of and necessity for the evidence sought. *Multi-Core, Inc. v. Southern Water Treatment Company,* 139 F.R.D. 262, 264 (D. Mass. 1991).

The Supreme Court has found that the practice of calling high-ranking government officials as witnesses should be discouraged.  *See United States v. Morgan*, 313 U.S. 409, 422 (1941).  To that end, high-ranking government officials are not subject to being deposed absent a demonstrated need.  *See Bogan v. City of Boston*, 489 F.3d 417, 423 (1st. Cir. 2007); *Marisol v. Guiliani*, 1998 WL 132810, *4 (S.D.N.Y Mar. 23, 1998).  Depositions of high-ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated. *See Church of Scientology of Boston v. IRS*, 138 F.R.D. 9, 12 (D. Mass. 1990).  However, even in such cases, discovery is permitted only where it is shown that other persons cannot provide the necessary information. *In re United States (Holder)*, 197 F.3d 310, 313 (8th Cir. 1999).

      B.      <u>Plaintiff Cannot Demonstrate That He Has Good Cause To Depose Councilor Wu</u>.

At this juncture, Plaintiff has filed an Amended Complaint which alleges that the Boston City Council engages in a legislative prayer scheme that runs afoul of the Establishment Clause of the First Amendment to the U.S. Constitution, attached hereto as **Exhibit 2,** ¶ 89. Allegations include the fact that the City lacks "neutrality-enforcing safeguards" and that lack of such safeguards has created a legislative prayer scheme that discriminates against non-Abrahamic religions. **Exhibit 2,** ¶ 60. The Amended Complaint is devoid of any actual allegations against Councilor Wu and fails to state how she contributed to a discriminatory legislative prayer scheme nor does the Amended Complaint describe any role that Councilor Wu played in the development of the policy under which invocation speakers are chosen.

Plaintiff has not demonstrated good cause to depose Councilor Wu. Even if the City had created a discriminatory legislative prayer scheme, the Plaintiff could obtain this information through deposing lower-ranking government officials and City Council staff members regarding the policy under which speakers are chosen. As a result, it is not permitted to seek this information through Councilor Wu. *See Holder*, 197 F.3d at 313. Moreover, Councilor Wu has no first-hand knowledge about the case law, prior legal actions, or the specific instances of discrimination alleged in Plaintiff's Amended Complaint. Accordingly, Plaintiff has not demonstrated a need to depose Councilor Wu. *See Church of Scientology of Boston*, 138 F.R.D. at 12. As Plaintiff does not have good cause to depose Councilor Wu, it should be precluded from doing so, especially where it has not sought to depose any other lower-level City official.

      C.      <u>Permitting Plaintiff To Proceed With Councilor Wu's Deposition Amounts To Undue Burden And Annoyance</u>.

Quite clearly, Plaintiff seeks to take Councilor Wu's deposition for the sole purpose of harassing and annoying her.  Plaintiff has selected November 2, 2021 as the date for Councilor Wu's deposition and sent notice of such to the City on Friday, October 22 at 7 p.m. EST.  Of particular importance is the fact that the Plaintiff chose to subpoena, out of all the City Councilors and staff members working for the City Council, Councilor Wu, who is a candidate in the City's general Mayoral election also taking place on November 2, 2021.  In addition, Plaintiff has selected this particular Councilor on this particular date prior to receiving any discovery responses from the City and prior to seeking depositions from any other City employee or official that may have personal knowledge of the allegations in the Amended Complaint.  Subjecting Councilor Wu to this kind of questioning on the date of an election in which she is a candidate, at this early stage of discovery, where no information beyond initial disclosures has been exchanged between the parties, undoubtedly constitutes undue burden and annoyance.

Perhaps more importantly, Plaintiff has not even alleged viable claims against Councilor Wu in his Amended Complaint.  Plaintiff's Amended Complaint lacks reference to Councilor Wu in any of its 117 paragraphs.  Subjecting Councilor Wu to deposition under these circumstances violates the federal rules of civil procedure under F.R.C.P. Rule 45(d)(1) and subjects her to undue burden and annoyance.  Moreover, the harm to Councilor Wu far outweighs any need of the Plaintiff to depose her, especially at this early juncture in the litigation and especially on an election day on which she is one of two candidates for Mayor of the City.  If the deposition were permitted, it would encourage future plaintiffs to file lawsuits solely for the purpose of deposing high-ranking government officials at the beginning of their actions without having to make any specific allegations related to such official.

## III.     CONCLUSION[2]

WHEREFORE, for the reasons set forth above, Defendant requests that Councilor Wu be granted a protective order to preclude Plaintiff from taking her deposition.

Respectfully submitted,

DEFENDANT,

CITY OF BOSTON,

By its attorney,
Henry C. Luthin,
Corporation Counsel

/s/ Nailah A. Freeman_____
Robert Arcangeli (BBO #689034)
Nailah A. Freeman (BBO #695910)
City of Boston Law Department
One City Hall Square, Room 615
Boston, MA 02201
Telephone: (617) 635-4064
Facsimile: (617) 635-2012
Robert.arcangeli@boston.gov
nailah.freeman@boston.gov

---

[2] Please note that Defendant does not intend to produce Ms. Wu, absent a court order.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 27, 2021, this document was served on Plaintiff by electronic mail as follows:

Matthew A. Kezhaya
Kezhaya Law PLC
333 S. 7th St., Suite 2450
Minneapolis, MN 55402
matt@kezhaya.law

/s/ Nailah A. Freeman
Nailah A. Freeman