# Kezhaya Law PLC



Matthew A. Kezhaya
1202 NE McClain Rd
Bentonville, AR 72712

p: (479) 431-6112
f: (479) 282-2892
matt@kezhaya.law

October 29, 2021

Hon. Arnold Pacho
    **By ECF only**

Re: <u>Satanic Temple v. Boston</u> (21-cv-10102) – letter objection

Dear Judge,

    I write to object to the Court's order requiring Plaintiff to, by October 29, 2021 at 9:00 am, file a statement (1) which explains why the deposition of Councilor Michelle Wu was scheduled for November 2, 2021 and (2) which shall not address any other issue (doc. 36). This objection is issued by separate letter in reliance on the prohibition of the explanatory statement prohibiting me from addressing any other issue.

    The basis of my objection is the work product privilege. Under the work product privilege, Plaintiff is protected from compelled disclosure of, among other things, its attorneys' mental impressions and trial strategies. E.g. <u>Hickman v. Taylor</u>, 329 U.S. 495, 511, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1947) ("Proper preparation of a client's case demands that he [the lawyer] assemble information, sift what he considers to be the relevant from the irrelevant facts, *prepare his legal theories and plan his strategy* without undue and needless interference") (emphasis added); accord <u>Tobacco & Allied Stocks v. Transamerica Corp</u>, 16 F.R.D. 537, 541 (D. Del. 1954) ("Pre-trial discovery does not call for the elicitation of contentions, opinions or legal conclusions of an attorney.") Rule 26, which governs the scope of discovery, even goes so far as to require a court which orders production of documents with opinion work product on it to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.") FRCP 26(b)(3)(B).

    What goes on in my mind and in my discussions with co-counsel to the end of winning this case is sacrosanct. The City's objection to producing Wu for the deposition is rooted, not in timing, but in the erroneous and unsupported assertion that Wu is a "high ranking government official" and therefore immune from my searching inquiry. I will separately and timely brief this Court why Wu's truthful deposition testimony is subject to the compulsory processes of this Court. By way of summary, it is because my obligation is to prove invidious religious discrimination on the part of any one of the City's Councilors–Wu included. And, by separate letter, I will comply

# Kezhaya Law PLC



Matthew A. Kezhaya
1202 NE McClain Rd
Bentonville, AR 72712

P: (479) 431-6112
F: (479) 282-2892
matt@kezhaya.law

with this Court's order to explain why I subpoenaed her testimony for a November 2 deposition. But I do so subject to and without waiving this objection.

Sincerely,
/s/ Matthew A. Kezhaya

CC: City's counsel of record (**by ECF**)