# Kezhaya Law PLC



Matthew A. Kezhaya
1202 NE McClain Rd
Bentonville, AR 72712

P: (479) 431-6112
F: (479) 282-2892
matt@kezhaya.law

October 29, 2021

Hon. Arnold Pacho
    **By ECF only**

Re: <u>Satanic Temple v. Boston</u> (21-cv-10102) – explanatory statement

Dear Judge,

    Subject to and without waiving the separate letter objection, I submit this letter in compliance with the Court's order requiring Plaintiff to, by October 29, 2021 at 9:00 am, file a statement: (1) which explains why the deposition of Councilor Michelle Wu was scheduled for November 2, 2021; and (2) which shall not address any other issue (doc. 36).

    This case is a matter of public interest. As a case of public interest, I expected the notice of deposition would inspire (or force) Wu to think about *all* of the people from whom she was seeking a vote of confidence on November 2–no matter the color of their skin, the flavor of their creed, or the origin of their mother tongue. I expected that she would be inspired to, if not appear and give truthful testimony about why my client simply cannot seem to convince a single sitting Councilor to extent an equal right to participate in this "non-discriminatory" governmental exercise of religion–despite three demands since 2016–at least recognize that we are a nation committed to appreciate each other. Not in spite of our differences, but because of them.

    I expected, perhaps naively, that a mayoral candidate for a city that holds stewardship over Bunker Hill, Faneuil Hall, and the USS Constitution would have paused to think about what her candidacy means. Maybe it would even result in that precious invite, that public acknowledgment that my client stands on equal footing in the eyes of the law as other religions.

    And, if not, I expected that the matter would at least be something the public takes heed of. Perhaps, if not the above, the public may take note of the caliber of Wu's character: as one who asserts an interest in diversity and inclusion, provided of course that it is politically expedient.

    At bottom, my litigation strategy on this matter involved pitting Wu's and the City's litigation goals (i.e., concocting a credible lie as to why my client will never receive an

Case 1:21-cv-10102-AK   Document 38   Filed 10/29/21   Page 2 of 2



**Kezhaya Law PLC**

| | | |
|---|---|---|
| Matthew A. Kezhaya<br>1202 NE McClain Rd<br>Bentonville, AR 72712 | | P: (479) 431-6112<br>F: (479) 282-2892<br>matt@kezhaya.law |

invite, but which is also somehow not unconstitutional religious discrimination) against Wu's personal goals (i.e. winning her mayoral election). My bet was that her self-interest would win out against the litigation, and she would choose to expend her limited time and efforts on her campaign as opposed to internalizing whatever post-hoc justification the City comes up with based on the extrinsic proof.

Or, I would accept as a consolation prize, that Michelle Wu would cut off her nose to spite her face by publicly announcing her self-appointed status as above the law. Contra. Jones v. Clinton, 72 F.3d 1354, 1358 (8th Cir.) ("[T]he President, *like all other government officials*, is subject to the same laws that apply to all other members of our society") (emphasis added) (cited with approval by the Supreme Court at Clinton v. Jones, 520 U.S. 681, 688, 117 S. Ct. 1636, 1641 (1997)).

Certainly, no *ordinary* citizen would be entitled to flaunt a subpoenaed deposition date by asserting they are "slightly busy" on that particular day. See https://twitter.com/wutrain/status/1453479768901423110 ("I will be slightly busy on this day.") No, an *ordinary* citizen would be expected to offer an alternative date of mutual agreeability. Contra. doc. 35 at pp. 2-5.

All of the foregoing is and was perfectly permissible under the Rules of Civil Procedure. By merely issuing the notice of deposition, I forced a cascading chain of events that has drawn public attention to this dispute, has reduced the City's ability to detriment my cause, and has increased the likelihood that my client would procure its sought-after invitation to participate in the prayer ceremony whether by judicial decree or by public pressure. The onus was then on the City to seek an alternative date–a offer they made and then reneged upon. Doc. 35 at pp. 2-5.

I feel no remorse for the action I took. As an attorney, it is my sworn duty to do anything short of breaking the law to see to it that my client's goals are recognized. This business of litigation is zero-sum. Everything I do which can benefit my client will cause an equal and opposite effect on the other side. I serve my purpose with all the zealous advocacy which my oath commands. And I expect nothing less from my adversaries.

Sincerely,
/s/ Matthew A. Kezhaya

CC: City's counsel of record (**by ECF**)

**21-cv-10102** – explanatory letter                                                                 Page 2 of 2