IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC.<br>PLAINTIFF,<br><br>v.<br><br>CITY OF BOSTON, MA<br>DEFENDANT. | CASE NO. 1:21-CV-10102-AK |

### DEFENDANT CITY OF BOSTON'S SUBMISSION IN RESPONSE TO APRIL 6, 2022 AWARD OF COSTS AND ATTORNEYS' FEES & REQUEST FOR ATTORNEYS' FEES

Defendant City of Boston ("Defendant" or the "City") hereby submits this response in accordance with the Court's April 6, 2022 Memorandum & Order (the "Order") awarding the City its reasonable costs and attorney's fees associated with the Defendant's Motion for a Protective Order, ECF No. 33. Additionally, Defendant moves pursuant to Fed. R. Civ. P. 54(d)(2) for the recovery of reasonable attorney's fees incurred in making its Emergency Motion for Protective Order and Motion to Quash Regarding the Deposition of City Councilor At Large Michelle Wu ("Motion for a Protective Order"), ECF Nos. 33, 34, & 43, and due to the bad faith discovery practices of Plaintiff Satanic Temple, Inc. ("Plaintiff"). Defendant's request for its reasonable attorney's fees is supported by Defendant's submissions related to its Motion for a Protective Order, the Order (ECF No. 47), and the Affidavits of Robert Arcangeli, Nailah A. Freeman, Nicole M. O'Connor, and Susan Weise, which are annexed to this submission.

### A. DISCUSSION

**I.  The City Should Be Awarded Its Reasonable Attorneys' Fees.**

Defendant is the prevailing party and, as such, is entitled to its reasonable fees. See Fed. R. Civ. P. 54(d)(2); see Fed. R. Civ. P. 37(a)(3)(C); see Fed. R. Civ. P. 37(a)(5)(A). Rule 37 of the Federal Rules of Civil Procedure provides for the award to the movant for the reasonable

expenses incurred in making a deposition related motion. See Fed. R. Civ. P. 37(a)(3)(C); see Fed. R. Civ. P. 37(a)(5)(A).

Moreover, the Court's authority to award Defendant its reasonable attorneys' fees does not originate solely from the fact that Defendant prevailed on its Motion for a Protective Order, but also from the fact that Plaintiff completely disregarded its discovery obligations under Fed. R. Civ. P. 45(d)(1). See Rule 45(d)(1) (requiring that a "party or attorney [] issuing and serving a subpoena [] to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"). As the record demonstrates, Plaintiff's conduct during discovery in this litigation was designed to harass and annoy Defendant as much as it was to cause an undue burden and inconvenience to Defendant and Defendant's attorneys. To be sure, Plaintiff acknowledged the frivolity and futility of its attempts to depose the City's now highest ranking government official on Election Day for the City of Boston – a date that Plaintiff knew, by Plaintiff's counsel's own admission, that Defendant would be unable to produce the official due to her campaign obligations. See e.g., Plaintiff's Counsel's letter dated October 29, 2021, docketed as ECF No. 38.

## II. Reasonable Attorneys' Fees Should Be Calculated Pursuant to the Lodestar Formula.

In calculating an award of attorney fees, the Court should employ the "lodestar" method. Under the lodestar method, the Court multiplies the hours reasonably expended on the matter at issue by the attorneys' reasonable hourly rates. See Martino v. Massachusetts Bay Transportation Authority, 230 F. Supp. 2d 195, 205 (D. Mass. 2002) ("the Court first examines the number of hours actually expended, and then may subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary.").

> a. *The Hours for Which Defendant Seeks Reimbursement Were Reasonably Expended.*

Defendant's fee submission (Exh. A) demonstrates that the hours Defendants' attorneys spent on the matter at issue were critical to the efficient prosecution and resolution of this matter. Defendant's counsel collaborated, as needed, to determine the appropriate next steps.

Here, Defendant has met its burden of substantiating the hours expended on this matter by producing a "particularized account" of the requested fees. See e.g., Tennessee Gas Pipeline Co., 32 F.3d. at 634 (requiring "a full and specific accounting of the tasks performed, the dates of performance, and the number of hours spent on each task."); Blum v. Stetson, 465 U.S. 886, 895 n.11 (1984); see also, Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008) (providing that the party requesting attorneys' fees bears the burden of proving the reasonableness of its claims).

> b. *The Hourly Rate Requested Is Reasonable.*

Under the lodestar method, once the hours expended on a matter are established, the Court must then review the reasonableness of the requested hourly rate. See e.g., Bogan v. City of Boston, 432 F. Supp. 2d 222, 229 (D. Mass. 2006). To do so, the Court should "consider the prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved"); see also, Martino, 230 F.Supp.2d at 205; Blum, 465 U.S. at 895 (reasonable attorneys' fees are awarded at the market rate for the forum where the litigation took place). The 'fair market rate' is the reasonable hourly rate of compensation prevailing in the relevant community for similar services by lawyers of reasonably

comparable skill, experience, and reputation." Stokes v. Saga Holidays, Ltd., 376 F.Supp.2d 86, 92 (D. Mass. 2005).[1]

Defendant requested an hourly rate ($265/hour) that is consistent with the standard hourly rate that Defendant uses when retaining the services of outside counsel. The rate requested is the prevailing rate for attorneys performing similar services – i.e. attorneys providing litigation services to a public entity like the City of Boston.

    c. *The Court May Adjust The Award Further.*

After fees are determined under the lodestar method, the Court has the discretion to adjust the award upwards or downwards for any of several reasons, including "delay in payment, quality of representation (i.e., an unusually good [..] performance above [..] the skill already reflected in the hourly rates), [and] exceptional results." Grendel's Den, Inc., 749 F.2d at 95. Defendant's fees submitted herein are reasonable and accurately reflective of the hours and resources expended on this matter.  Defendant's fees, however, do not fully capture the burden caused by Plaintiff's bad faith discovery conduct.

### III.    Attorneys' Fees Traceable to Defendant's Defense Against Plaintiff's Discovery Practices[2]

Defendant's attorneys spent approximately 31.45 hours that are traceable to its defense against Plaintiff's counsel's discovery practices. Defendant's attorneys exchanged several communications amongst each other and with Plaintiff's counsel regarding Plaintiff's bad faith attempts to depose a high ranking government official. As well, Defendant's attorneys engaged in motion practice, requiring them to conduct research and prepare a supporting memorandum and reply, in order to properly advocate for Defendant.

---

[1] Notably, Defendant's requested hourly rate is well below the reasonable market rate for attorneys with similar experience.
[2] See Exhibit A for detailed time entries of the attorneys who worked on this matter.

IV.     **Summary of Attorneys' Fees**

| Attorney | Hourly Rate | Number of Traceable Hours | Fees |
|---|---|---|---|
| Robert Arcangeli | $265 | 7.1 | $1,881.50 |
| Nailah A. Freeman | $265 | 19.95 | $5,286.75 |
| Nicole O'Connor | $265 | 1.6 | $424.00 |
| Susan Weise | $265 | 2.8 | $742.00 |
|  |  |  |  |
| **Total** |  | **31.45** | **$8,334.25** |

### B. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court (1) award Defendant an amount of $8,334.24 in traceable attorneys' fees and costs incurred in connection with its Motion for a Protective Order; (2) order Plaintiff to reimburse Defendant for the total amount of attorney's fees described herein; and (3) grant Defendant such other and further relief as is just and proper.

        Respectfully submitted,

        DEFENDANT,

        CITY OF BOSTON,

        By its attorney,
        Adam N. Cederbaum,
        Corporation Counsel

        /s/ Nailah A. Freeman_____
        Nicole M. O'Connor (BBO #675535)
        Nailah A. Freeman (BBO #695910)
        City of Boston Law Department
        One City Hall Square, Room 615
        Boston, MA 02201
        Telephone: (617) 635-4064
        Facsimile: (617) 635-2012
        Nicole.oconnor@boston.gov
        Nailah.freeman@boston.gov

Dated: April 13, 2022

## CERTIFICATE OF SERVICE

    I hereby certify that, on April 13, 2022, this document was served on Plaintiff by electronic mail as follows:

    Matthew A. Kezhaya
    Kezhaya Law PLC
    333 S. 7th St., Suite 2450
    Minneapolis, MN 55402
    matt@kezhaya.law

        /s/ Nailah A. Freeman_____
        Nailah A. Freeman

# Exhibit A

# City of Boston Attorneys' Itemized Fees

**Robert Arcangeli Hours**

| DATE | ACTIVITY | TIME (hrs) |
|---|---|---|
| 10/25/21 | Review Notice of Wu Deposition & Subpoena | .1 |
| 10/25/21 | Consider Response to Wu Subpoena | .2 |
| 10/25/21 | Strategize with Co-Counsel re Response to Wu Subpoena | .3 |
| 10/25/21 | Research F.R.C.P. | .3 |
| 10/25/21 | Review 10/25/21 Kezhaya email correspondence | .2 |
| 10/25/21 | Strategize response to above w/ Freeman | .5 |
| 10/25/21 | Respond to 10/25/21 Kezahaya email | .2 |
| 10/25/21 | Coordinate 9(c) meeting with Kezahaya | .3 |
| 10/26/21 | Research re Protective Orders | 1.5 |
| 10/26/21 | Draft Memorandum for Mtn for Protective Order | 2.0 |
| 10/27/21 | Rule 7.1 Teleconference re Mtn for Protective Order/Mtn to Quash | .5 |
| 10/27/21 | Debrief Cederbaum and Weise on 9c Conference. | .4 |
| 10/27/21 | Review & consider 10/27/21 Kezhaya email correspondence | .4 |
| 10/27/21 | Respond to 10/27/21 Kezhaya email correspondence | .2 |
| 10/29/21 | Review Kezhaya correspondence to Court | .4 |
|  |  | **Total: 7.1** |
|  |  |  |

**Susan Weise Hours**

| DATE | ACTIVITY | TIME (hrs) |
|---|---|---|
| 10/25/21 | Discuss strategy with N. Freeman | .4 |
| 10/26/21 | Discuss strategy with N. Freeman with A. Cederbaum & R. Arcangeli | .4 |
| 10/27 | Research case law on | 1 |

|       | protective orders               |   |
|-------|---------------------------------|---|
| 10/27 | Review and edit Mtn for Protective Order | 1 |

## **Nailah A. Freeman Hours**

| DATE | ACTIVITY | TIME (hrs) |
|---|---|---|
| 10/22/21 | Review Notice of Wu Deposition & Subpoena | .1 |
| 10/25/21 | Consider Response to Wu Subpoena | .2 |
| 10/25/21 | Strategize with Co-Counsel re Response to Wu Subpoena | .3 |
| 10/25/21 | Prepare email correspondence to Kezhaya re Wu Subpoena | .2 |
| 10/25/21 | Review & consider 10/25/21 Kezhaya email correspondence | .5 |
| 10/25/21 | Strategize response to above w/ Arcangeli | .5 |
| 10/25/21 | Consider 10/25/21 Kezhaya email & next steps w/ Weise | .4 |
| 10/25/21 | Review & coordinate t/c conference re Wu Subpoena Notice | .2 |
| 10/26/21 | Research re Protective Orders | 1.5 |
| 10/26/21 | Draft Memorandum for Mtn for Protective Order | 2.5 |
| 10/27/21 | Rule 7.1 Teleconference re Mtn for Protective Order/Mtn to Quash | .5 |
| 10/27/21 | Draft Motion for Protective Order | .75 |
| 10/27/21 | Review & consider 10/27/21 Kezhaya email correspondence | .5 |
| 10/27/21 | Incorporate Cederbaum & Weise proposed edits to Mtn, Finalize, File, & Serve Mtn for Protective Order | 1.7 |
| 10/29/21 | Preliminary Review of 10/29/21 Ct Order | .1 |
| 10/30/21 | Docket 10/29 Ct Order due dates & consider next steps | .5 |
| 11/12-11/13 | Preliminarily Review TST Reply & Prepare Internal Correspondence re same | .5 |
| 11/16 | Strategize Reply w/ O'Connor | .5 |
| 11/16 | Research & brief relevant case law | 2 |
| 11/17-11/26 | Draft Reply ISO Mtn for Protective Order | 3.5 |
| 11/23/21 | Review O'Connor comments & edits | .5 |
| 11/24/21 | Finalize Reply ISO Mtn for Protective Order | 1 |
| 11/26/21 | File & Serve COB Reply | .3 |

| | | |
|---|---|---|
| 11/26/21 | Preliminarily Review TST Sur-Reply | .3 |
| 11/28/21 | Consider Sur-Reply & Prepare Internal Correspondence re same | .2 |
| 12/2/21 | Review & Consider 12/2/21 Ct Order | .1 |
| 12/10/21 | Review & Consider 12/10 Ct Notice | .1 |
| 12/10-12/14 | Coordinate Preparation & Submission of Courtesy Copies of COB's papers | .2 |
| 4/6/22 | Review 4/6/22 Court Order & Memorandum | .3 |

**Nicole M. O'Connor Hours**

| DATE | ACTIVITY | TIME (hrs) |
|---|---|---|
| 11/12/22 | Review TST response to COB motion for protective order | .2 |
| 11/16/22 | Meet with N. Freeman to discuss and strategize COB reply to TST response | .5 |
| 11/26/22 | Review and edit N. Freeman's draft reply to TST response | .5 |
| 11/26/22 | Review TST sur-reply | .2 |
| 4/6/22 | Review court's Memorandum & Order re: COB motion for protective order | .2 |
| | | |

**COMBINED TOTAL: 31.45**