IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE SATANIC TEMPLE, INC.

PLAINTIFF,

V.

CITY OF BOSTON, MA

DEFENDANT.

CASE NO. 21-CV-10102

MOTION FOR CERTIFICATE OF
APPEALABILITY

COMES NOW TST, by and through counsel of record, on motion for a certificate of appealability pursuant to 28 USC § 1292(b). The Court should grant a certificate of appealability as to its recent protective order (ECF 47), on the potentially-controlling legal question of whether it is relevant to the Establishment Clause question of religious discrimination if the Councilors engaged in intentional selective treatment. TST does not seek a stay pending appeal.

## 1: Rule 7.1 statement.

On April 12, 2022, undersigned counsel issued a letter brief to opposing counsel of record by email with the below reasons in support of a finding for a certificate of appealability, and requesting a

conference to discuss any flaws in the below logic. An hour later, Nicole O'Connor responded by email that Boston intends to oppose the motion but that Boston would stipulate that TST's Rule 7.1 obligation was satisfied.

## 2:  A certificate of appealability should issue.

An interlocutory appeal lies under § 1292(b), subject to the Court's discretion, if: (1) the order sought to be appealed "involves a controlling question of law;" (2) "there is substantial ground for difference of opinion" regarding that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Zofran (Ondansetron) Prod. Liab. Litig.*, 235 F. Supp. 3d 317, 319 (D. Mass. 2017) (citing 28 USC § 1292(b)). The certification "should be used sparingly and only in exceptional circumstances." *Id.* (citing *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)); *but see* Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3929 (3d ed.) (positing that the "flexible approach," *i.e.*, not limiting permissive appeals to exceptional cases, is

"far superior to … a supposed need to construe strictly any permission to depart from the final-judgment rule.")

### 2.1: *The controlling question is whether intentional selective treatment is discrimination.*

The first prong requires a controlling legal question. A controlling question of law is usually one which "involves a question of the meaning of a … constitutional provision." *Boniface v. Viliena*, 417 F. Supp. 3d 113, 123 (D. Mass. 2019). The controlling question here is whether "intentional selective treatment" is "discrimination" within the meaning of the Establishment Clause.

Because of the Court's finding that it is irrelevant for purposes of discovery under the Establishment Clause if the Councilors engaged in "impermissible selective treatment" (ECF 47 at 9), it is now impossible for TST to prove that the prayer selection policy is "discriminatory" within the meaning of *American Legion*, *Town of Greece*, and *Marsh* in a manner consistent with the allegations of the complaint. *See* (ECF 21 at 11) ("Plaintiff's facts, taken as true, allege a discriminatory motive, and therefore, Defendant's policy falls

outside of <u>Marsh</u>") *compare, e.g.*, *Williamson v. Brevard Cty.*, 928 F.3d 1296, 1314 (11th Cir. 2019) ("Most troubling and plainly unconstitutional were the statements by numerous Commissioners that certain religions or types of religions would be flatly banned from giving an invocation.")

Discrimination is intentional selective treatment. *See Shurtleff v. City of Bos.*, 986 F.3d 78, 94–95 (1st Cir.), *cert. granted sub nom. Shurtleff v. City of Bos., Massachusetts*, 142 S. Ct. 55, 210 L. Ed. 2d 1024 (2021) ("The government does not act neutrally when its ostensible object is to take sides"); *see also Colo. Christian Univ. v. Weaver*, 534 F.3d 1245, 1266 (10th Cir.2008) ("[S]tatutes involving discrimination on the basis of religion, including interdenominational discrimination, are subject to heightened scrutiny whether they arise under the Free Exercise Clause, the Establishment Clause, or the Equal Protection Clause.") (cleaned up).

Barring discovery on intentional selective treatment is tantamount to barring discovery on the question of a discriminatory motive, which, as previously addressed, was the explicit reason TST's

Establishment Clause claim survived the motion to dismiss. (ECF 21 at 11); *but see Hassan v. City of New York*, 804 F.3d 277, 297 (3d Cir. 2015) (differentiating between intent and motive: "[A] defendant acts intentionally when he desires a particular result, without reference to the reason for such desire. Motive, on the other hand, is the reason why the defendant desires the result"); *Shrum v. City of Coweta, Okla.*, 449 F.3d 1132, 1145 (10th Cir. 2006) ("Proof of hostility or discriminatory motivation may be sufficient to prove that a challenged governmental action is not neutral … but the Free Exercise Clause is not confined to actions based on animus") (cleaned up).

## 2.2: There is substantial ground for difference of opinion.

The second prong asks if there is "substantial ground for difference of opinion" on the controlling legal question. A substantial ground for difference of opinion exists where "there is disagreement within the judiciary" on how to approach the issue, particularly where–as here–the First Circuit has not provided guidance. *Boniface*,

417 F.Supp.3d at 124.

Both elements are present in this case. The order at issue posits that intentional selective treatment is irrelevant to the Establishment Clause question (ECF 47 at 9) whereas the order on motion to dismiss posited that it is an ultimate question of fact (ECF 21 at 11-12). There is even a circuit split on the constitutionality of legislator-led prayers. *Compare Bormuth v. Cty. of Jackson*, 870 F.3d 494 (6th Cir. 2017) *with Lund v. Rowan Cty., N. Carolina*, 863 F.3d 268 (4th Cir. 2017). And, as this Court rightly pointed out, this case presents an issue of first impression in the First Circuit. (ECF 47 at 15).

## *2.3: An appeal will materially advance the litigation.*

An immediate appeal would materially advance the ultimate determination of the litigation because, absent an immediate appeal, the parties will have to undergo a first limited phase of discovery and a first limited trial. If the appeal results in reversal, the discovery period could be reopened or extended (or, if expedited, even completed within the current schedule) and an unnecessary trial could

be avoided. If the appeal results in affirmance, the issues in a post-judgment appeal can be simplified.

## 2.4: This is an exceptional case.

Plainly, this case is exceptional. The Court notes that this is a case of first impression, is a "meaningful legal challenge," is one with "potentially broad effect" and the Court notes the "gravity of the constitutional claims at issue." (ECF 47 at 15).

**WHEREFORE** TST prays the Court issue an order granting a certificate of appealability as to the order prohibiting TST from taking depositions of Mayor Wu or any other current or former Councilor.

Respectfully submitted on
April 14, 2022,
on behalf of The Satanic Temple

By:   Matthew A. Kezhaya, ABA # 2014161
      KEZHAYA LAW PLC
      1202 NE McClain Rd
      Bentonville, AR 72712
phone:   (479) 431-6112
 email:   matt@kezhaya.law

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on April 14, 2022 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya