UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC., )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CITY OF BOSTON, MA, )<br> )<br>Defendant. )<br>_____) | Case No. 21-CV-10102-AK |

### MEMORANDUM AND ORDER ON PLAINTIFF THE SATANIC TEMPLE, INC.'S MOTION FOR CERTIFICATE OF APPEALABILITY

**A. KELLEY, D.J.**

The Court is in receipt of Plaintiff The Satanic Temple, Inc.'s ("Plaintiff" or "TST") Motion for Certificate of Appealability [Dkt. 50], and notes Plaintiff's representation regarding compliance with Local Rule 7.1 and Defendant's intent to oppose the present motion. Before Defendant files its opposition, however (and before Plaintiff risks liability for further attorneys' fees incurred by Defendant on this erroneous and flawed motion), the Court **DENIES** Plaintiff's motion for the following reasons:

Plaintiff essentially seeks immediate appeal of an order that never issued. TST, through counsel, grossly misunderstands the Court's recent order granting Defendant's motion for protective order [Dkt. 47]. In doing so, and by this most recent motion for certificate of appealability, Plaintiff critically misstates both the ruling and effect of the Court's granting of the protective order with regard to the deposition of Mayor Michelle Wu.

1

In its April 6, 2022 Memorandum and Order [Dkt. 47], the Court issued a detailed discussion of Plaintiff's "impermissible antics and abusive tactics" [id. at 15] with regard to its "admitted intent to depose Mayor Wu solely for political and publicity-related reasons" [id. at 12; see also Dkt. 38].[1] The Court found that Plaintiff had not only violated its obligations under the Federal Rules of Civil Procedure regarding discovery, but also that the violations were so egregious that the Court was compelled to impose sanctions in the form of attorneys' fees, pursuant to Fed. R. Civ. P. 26 and 45, for the Defendant's time spent on the litigation surrounding Mayor Wu's deposition noticed for Election Day. [Dkt. 47 at 12].

In Plaintiff's currently pending motion for certificate of appealability [Dkt. 50], it significantly misunderstands and misstates the Court's recent ruling [Dkt. 47] on Defendant's motion for protective order regarding the deposition of Mayor Wu [Dkt. 33]. Whether such misstatements arise from simple incompetence or a more pernicious desire to misstate the record is something the Court cannot know at this time. Nevertheless, contrary to Plaintiff's misstatements, the Court has not "barr[ed]" [Dkt. 50 at 4] any categories of discovery, nor has it "prohibit[ed] TST from taking depositions of Mayor Wu *or any other current or former Councilor*" [id. at 7] (emphasis added), as Plaintiff claims in its recent motion. In fact, the Court specifically cited Defendant's reference to the availability of up to 47 other individuals from whom Plaintiff could obtain the discovery sought [Dkt. 47 at 9], and expressly questioned why Plaintiff had *not* noticed any other current or former City Councilors for depositions—

---

[1] (Letter from Plaintiff's counsel explaining, *inter alia*, "[a]t bottom, my litigation strategy on this matter involved pitting Wu's and the City's litigation goals (i.e., concocting a credible lie as to why my client will never receive an invite, but which is also somehow not unconstitutional religious discrimination) against Wu's personal goals (i.e. winning her mayoral election). My bet was that her self-interest would win out against the litigation, and she would choose to expend her limited time and efforts on her campaign as opposed to internalizing whatever post-hoc justification the City comes up with based on the extrinsic proof;" "I would accept as a consolation prize, that Michelle Wu would cut off her nose to spite her face by publicly announcing her self-appointed status as above the law;" and "By merely issuing the notice of deposition, I forced a cascading chain of events that has drawn public attention to this dispute").

particularly given that there are City Councilors mentioned in Plaintiff's complaint (none of whom are Mayor Wu) [id. at 7, 9–10]. Essentially, the Court found Plaintiff's conduct with regard to the noticing of Mayor Wu's deposition to fail miserably in complying with the standards set forth for discovery by the Federal Rules of Civil Procedure and related caselaw, and that Plaintiff's abuse of process in this regard necessitated the *sole* limitation on discovery of prohibiting the deposition of Mayor Wu. It is an egregious misreading of the Court's order to seek appealability on the grounds Plaintiff does now, because the Court's order does not have the effects Plaintiff claims in its recent motion.

      The motion for certificate of appealability [Dkt. 50] is **DENIED**.


**SO ORDERED.**

April 15, 2022                                                                              /s/ Angel Kelley
                                                                                                                   ANGEL KELLEY
                                                                                                                   U.S. DISTRICT JUDGE