UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-cv-10102-AK

THE SATANIC TEMPLE, INC.

  Plaintiff,

  v.

CITY OF BOSTON

  Defendant.

## DEFENDANT CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER OF PARTIAL DISMISSAL

In its motion, the Satanic Temple asks the Court to reconsider its dismissal of its Free Speech /Free Exercise claim because, in its view, the Supreme Court "developed the state of the law arising out of the Free Speech and Free Exercise Clauses" in its recent decision, Shurtleff v. City of Boston, 142 S. Ct. 1583 (2022).  But the Supreme Court did no such thing in Shurtleff. Rather, Shurtleff reaffirmed the long-standing principles that whether speech is considered government speech depends on history, the public's perception as to who is speaking, and the extent to which government has actively controlled the expression.  Id. (citing Walker v. Texas Div., Sons of Confederate Veterans, Inc., 576 U.S. 200, 208 (2015)).  While the Supreme Court may have reached a different conclusion than the First Circuit in Shurtleff, it was because it analyzed the facts differently—not because the state of the law had changed.  Because the facts and the law remain the same here, the Satanic Temple's motion for reconsideration should be denied.

In its order dismissing the Satanic Temple's Free Speech/Free exercise claim, this Court used the very analysis long-espoused by the Supreme Court and reaffirmed in Shurtleff to conclude

1

that the invocation given at the start of each City Council meeting is government speech. See ECF No. 21 at p. 7. First, it considered whether City Council controlled the content of the speech. See ECF No. 21 at 6-7 ("City Councilors control each meeting's agenda, topics, and participants" and "Defendant chooses to whom to extend an invocation invitation" and "no other public participation is permitted"). It likewise considered the history of City Council meetings and how the public perceives them. Id. at 7 ("[n]ot only does the government control the speech and have final authority over who gets to participate in creating its message, but the government's long history of having debate that is closed to the public is commonly understood by the public to be governmental speech"). After analyzing the facts of this case—as alleged by the Satanic Temple in its own Complaint—using the same principles set forth in Shurtleff, this Court rightfully concluded that the invocation at the beginning of City Council meetings is government speech. That the Supreme Court in Shurtleff reached a different conclusion based on different facts is irrelevant. The law remains the same.

The Satanic Temple's argument in its motion that the City did not maintain "actual control" over the invocation speech is at odds with the facts alleged in its Complaint. In its Complaint, the Satanic Temple alleged that "[e]ach councilor has unfettered authority to select who gets to pray at their meeting" (Compl. ¶ 13), that "[a]bsent a Councilor's invitation, there is no opportunity to offer the legislative prayer" (Compl. ¶ 16), and that "the question of who gets to pray rests solely on the whim of the inviting Councilor" (Compl. ¶ 17). Further, the Satanic Temple alleged that the City repeatedly denied its requests to give in invocation on grounds that they "lacked sponsorship from a Councilor" (Compl. ¶ 23). Indeed, the very essence of the Satanic Temple's Complaint is that the City maintains complete control over the invocation process. To allege now that the City does not exercise "active control" over the invocation process is contradictory at best.

Additionally, to the extent the Satanic Temple wants this Court to reconsider whether City Council meetings constitute nonpublic fora, its motion should be denied.  <u>Shurtleff</u> did not change the law regarding what constitutes a nonpublic forum, and motions for reconsideration should not be used as a second-bite at the apple to re-litigate matters already decided by a court.  <u>See</u> <u>Soto-Padro v. Public Bldgs. Authority</u>, 675 F.3d 1, 9 (1st Cir. 2012).  This Court already considered what type of fora City Council meetings are and concluded that "City Council meetings are nonpublic fora up until the point where, if the Council chooses, the floor is opened up for public discussion.  Without that invitation, City Councilors control each meeting's agenda, topics, and participants".  ECF No. 21 at p. 6.  The Court further noted that inviting a guest invocation speaker does not change the forum's nature.  <u>Id.</u> at 7.  In short, this Court already carefully considered this issue and the decision in <u>Shurtleff</u> has no impact on the Court's analysis.

Motions for reconsideration should only be allowed when there has been a manifest error of law, there is newly discovered evidence, or there has been an intervening change in the law.  <u>See</u> <u>Rivera Surillo & Co. v. Falconer Glass Indus.</u>, 37 F.3d 25, 29 (1st Cir. 1994).  None of these factors are present here.  The law remains the same:  because the invocation constitutes government speech, the Free Speech/Free Exercise Clauses do not apply and the Satanic Temple does not have standing to claim that it was injured.  Accordingly, this Court's dismissal of the Satanic Temple's Free Speech/Free Exercise claims was proper.

WHEREFORE, for the reasons set forth above, the Satanic Temple's Motion to Reconsider Order of Partial Dismissal should be denied.

Respectfully submitted:

**DEFENDANT, CITY OF BOSTON**

By its attorneys:

Adam N. Cederbaum
Corporation Counsel


*/s/ Nicole M. O'Connor*
Nicole M. O'Connor (BBO#675535)
Robert Arcangeli (BBO#689034)
Senior Assistants Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039 (O'Connor)
(617) 635- (Arcangeli)
Nicole.oconnor@boston.gov
Robert.arcangeli@boston.gov


**CERTIFICATE OF SERVICE**

I, Nicole M. O'Connor, hereby certify that a true copy of the above document was served upon all counsel of record via this court's filing system and upon any non-registered participants via first class mail on August 3, 2022.


Dated:        August 3, 2022                */s/ Nicole M. O'Connor*
                                            Nicole M. O'Connor