# 1:21-cv-10102

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

The Satanic Temple, Inc. ("**TST**"),
*Plaintiff*

*v.*

City of **Boston**, Massachusetts
*Defendant.*

## LETTER FROM TST TO BOSTON RE: ECF 51



| **Matt Kezhaya** | matt@crown.law |
|---|---|
| Ark. # 2014161 | direct: (479) 431-6112 |
| Minn. # 0403196 | general: (612) 349-2216 |

100 S. Fifth St., 19th Fl., Minneapolis, MN 55402



August 31, 2022 (Wednesday)

City of Boston, Mass.
c/o Nicole O'Connor and Robert Arcangeli
nicole.oconnor@boston.gov; robert.arcangeli@boston.gov

Re: *Satanic Temple v. Boston* (1:21-cv-10102) – depositions

As Christine O'Donnell repeatedly testified, we must depose both Michelle Wu and Annissa Ensaibi-George to get discovery on the ultimate fact question of whether Boston's designated agents engaged in intentional religious discrimination against TST. We now have everything we need to prove that both agents had "personal involvement" in the subject of this dispute and, since Ms. O'Donnell predictably could not attest to the subjective motivations of either Councilor, we also have a "demonstrated need." ECF 47, at 7.

We invoke the previously-scheduled September 12 – September 14 backup dates. Together with this letter, you will find notices of deposition for Michelle Wu, set for September 12 at 9:30 am; and Annissa Ensaibi-George, set for September 13 at 9:30 am. Next Tuesday (September 5), we will issue the subpoenas.

In the forthcoming days, you will also receive notices of depositions for three clergypersons, all to be set in advance of the October 26 discovery deadline. We may also notice a few more depositions to examine the "public's perception as to who is speaking." ECF 56, at 1. If you wish to have your calendars considered in the scheduling determinations, please let us know at your earliest convenience.

Boston previously suggested that it does not "intend" to produce Ms. Wu without a court order. ECF 34, at 7. However, a subpoena *is* a court order. If Michelle Wu fails to comply, I will immediately seek a bench warrant. Further, as noted when we talked about this on August 22, I will also immediately move for contempt.

If you desire to spare Michelle Wu potential embarrassment and inconvenience, please facilitate the personal service with minimum inconvenience to all. Personal service is a prerequisite to contempt.

On August 22, Nicole "critically" misstated the record by suggesting that the Court prohibits TST from taking the deposition of Mayor Wu. ECF 51, at 1. Previously, I operated under the same misunderstanding. Hence my motion for a certificate of appealability. ECF 50.

Luckily, the Court unequivocally corrected the record. ECF 51, at 2. While *I* would not go so far as to suggest that Nicole suffers from "simple incompetence or a more pernicious desire to misstate the record," id., I have no doubt in my mind that the Court will be just as hostile toward Nicole for taking the same "erroneous and flawed" position as I once did. Id., at 1.

I look forward to seeing you all on September 12-14.

Sincerely,



**Matt Kezhaya**
Ark. # 2014161
Minn. # 0403196

matt@crown.law
direct: (479) 431-6112
general: (612) 349-2216

100 South Fifth Street, 19th Floor, Minneapolis, MN 55402