

# Status report

September 12, 2022 (Monday)

Hon. Angel Kelley
*By ECF only*

Re: *Satanic Temple v. Boston* (1:21-cv-10102)

Dear Judge Kelley:

Boston's and O'Connor's campaign of discovery obstruction continues unabated, notwithstanding my best efforts to dissuade the transparent tactic. Despite prior statements made both in writing and on the record, Boston and O'Connor have failed to produce Rule 30(b)(6) witnesses to speak to the subjective intent questions.

I was promised that Boston and O'Connor would provide me four Councilors' chiefs of staff on September 12, 13, *and* 14. After the August 25 deposition, O'Connor unilaterally struck September 14. Then September 12. Then she tried to unilaterally schedule three depositions (not four) onto just September 13. We scheduled the City's deposition on this matter for August 25, not "whenever, or if ever, Boston feels like complying with its discovery obligations."

As of this writing, I have still not received any scheduling input from Boston or O'Connor as to Mayor Wu's availability. Nor have I received any legal authority to support Boston's / O'Connor's obstructive tactics. As a result, I anticipate filing an emergency motion for bench warrant to bring Mayor Wu to her deposition. Mayor Wu's deposition is set to begin at **9:30 am**, **September 20, 2022**, at **64 Bridge Street, Salem, MA 01970**.

I expect Mayor Wu, a percipient witness in this assertedly-unconstitutional governmental custom, to attend to her discovery obligations in compliance with this Court's procedures. *E.g.* FRCP 30, 45; *Wright & Miller*, 8A Fed. Prac. & Proc. Civ. §§ 2102, 2107, 2111, and 2120 (3d ed.); *see also id.*, 9A Fed. Prac. & Proc. Civ. § 2451 (3d ed.) ("A 'subpoena' is a mandate lawfully issued in the name of the court, usually … [under current practice] by attorneys"); see also 98 *C.J.S. Witnesses* §§ 57, 58 (a bench warrant is the "traditional an usual method" of compelling recalcitrant witnesses to give evidence; the motion requires proper service and a proper subpoena, each of which will be proven up, but only if it becomes necessary).

Alternatively, I foresee that Mayor Wu may attend her deposition as both noticed and subpoenaed but may refuse to answer (or may evasively answer) certain categories of questions. In that event, I will endeavor to gain as much testimony as possible, and I will seek a teleconference hearing to resolve all disputes in an orderly fashion.

My motion for sanctions is still forthcoming, but I keep finding myself adding to it. I prefer to file one motion, not several; with one appendix of exhibits, not several. In all things, I will continue to invoke this Court's attention to this matter only as necessary; and only in the most orderly fashion possible under circumstances which are not entirely within my control.

Respectfully submitted on September 12, 2022 by:



| **Matt Kezhaya** | matt@crown.law |
|---|---|
| Ark. # 2014161 | direct: **(479) 431-6112** |
| Minn. # 0403196 | general: **(612) 349-2216** |

**1202 NE McClain Rd., Bentonville, AR 72712**

### Certificate of service

Notice is given that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's eFlex system on September 12, 2022, which sends service to registered users, including all other counsel of record in this cause. *Matt Kezhaya*