**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION**
**No. 1:21-cv-10102-AK**

**THE SATANIC TEMPLE, INC.,**
                    **Plaintiff**

**v.**


**CITY OF BOSTON**
                    **Defendant**

## CITY OF BOSTON'S RESPONSE TO THE SATANIC TEMPLE'S STATUS REPORTS [ECF NOS. 58 AND 60]

The City of Boston ("City") submits the following response to the status reports filed by the Satanic Temple (ECF Nos. 58 and 60) to provide the Court with background on the City's efforts to streamline discovery and avoid unnecessary motion practice.  The City's efforts have proven futile, however, because of the Satanic Temple's refusal to abide by court orders, grant routine professional courtesies, or even so much as read the City's e-mails.

On June 24, 2022, the Satanic Temple served the City with a Rule 30(b)(6) deposition subpoena.  The subpoena included a schedule of 30 paragraphs that described the matters for examination.  See Rule 30(b)(6) subpoena, attached hereto as Exhibit 1.  The matters for examination can be divided into two categories:  1) general background questions about the City's invocation process and; 2) specific questions about each City Councilor's subjective thought process in deciding who they would invite as invocation speakers (the "subjective intent" questions).  Pursuant to Rule 30(b)(6), in an e-mail dated July 18, 2022, the City designated

1

Christine O'Donnell to testify regarding the general background questions.[1]  See e-mail dated July 18, 2022, attached hereto as Exhibit 2.  In that same e-mail the City stated that Ms. O'Donnell would be available to testify on August 25, 2022.  See Exhibit 2.  In a follow-up e-mail on July 29, 2022, the City designated the chiefs of staff for Mayor Wu, Councilor Flynn, Councilor Baker, and Councilor Flaherty to testify regarding the subjective intent questions on their behalf.[2]  See e-mail dated July 29, 2022, attached hereto as Exhibit 3.  In that same e-mail, the City stated that these chiefs of staff could be available on September 12, 13, or 14, 2022.  See Exhibit 3.  The City did not receive a response to this e-mail.

The deposition of Christine O'Donnell went forward as scheduled on August 25, 2022. During the deposition counsel for the Satanic Temple, Mr. Kezhaya, questioned Ms. O'Donnell repeatedly about 1) matters that were not identified in the Satanic Temple's 30(b)(6) deposition subpoena and were not relevant to the litigation[3]; and 2) matters that were designated by the City to be answered by the chiefs of staff (namely the "specific intent" questions).  Undersigned counsel did not permit Ms. O'Donnell to testify about matters for which the City designated other employees to testify and referred Mr. Kezhaya, repeatedly, to the City's e-mail in which it

---

[1] The City specifically identified, by number, the paragraphs for which Ms. O'Donnell was being designated.  See Exhibit 2.

[2] The City designated the chief of staff for every current City Councilor who was on City Council at the time of the Satanic Temple's invocation requests (approximately 2016-2017) to testify regarding the subjective intent questions.  The remaining individuals who were on City Council at the time of the Satanic Temple's invocation requests are no longer City Councilors.  Likewise, their chiefs of staff are no longer City employees.  To that end, the City does not have any witnesses who can testify regarding the subjective intent questions on their behalf.  The City advised the Satanic Temple of this issue in its July 29, 2022 e-mail and suggested that the Satanic Temple might be better served by issuing individual deposition subpoenas to the former City Councilors rather than seeking the testimony through a 30(b)(6) deposition of the City, particularly where the City does not have any witnesses who can provide meaningful answers.  See Exhibit 3.

[3] For example, Mr. Kezhaya wanted Ms. O'Donnell to read a pamphlet about the Satanic Temple and then answer questions about it.  See Excerpt from O'Donnell Deposition, attached hereto as Exhibit 4 at 26:11-24; 27:1-24.

identified who would be testifying regarding which topic.  See Exhibit 3; see also Exhibit 4 at

99:1-24; 100:1-24; 101:1-24; 104:1-24.  Undersigned counsel explained that 30(b)(6) depositions

often take place over the course of several days and that the City's witnesses regarding the

subjective intent questions could be available on September 12, 13, or 14, as stated in its e-mail of

nearly a month prior.  Id.  Mr. Kezhaya responded that he did not read the e-mail,[4] that Ms.

O'Donnell was required to answer all of the questions, and that all of the 30(b)(6) designees should

have been present that day.[5]  Id.

Approximately one week later the City received a deposition notice for Mayor Wu,

scheduling her deposition for September 12—one of the days that the City repeatedly offered for

the continuation of the 30(b)(6) deposition.  In response, undersigned counsel e-mailed Mr.

Kezhaya, reminded him of the Order prohibiting the Satanic Temple from deposing Mayor Wu,

---

[4] The following exchange took place:

   **Kezhaya:**  I want to know what is going on in the minds of the specific councilors
   who are not voting TST's—or are not voting, rather, they are extending an
   invitation to TST proper.  I am wanting that information. You are telling me she
   does not have that information for me.
   **O'Connor:**  Absolutely.  And as I expressed--
   **Kezhaya:**  No. No.  That's sufficient.
   **O'Connor:**  No. No. You don't get to shut me off like that.  As explained in my
   email to you, we are not designating individuals, and certainly not Christine,
   Christine has not been designated to testify about the subjective intent of the
   councilors.  We did offer chiefs of staff for some of the councilors.
   **Kezhaya:**  Ah.
   **O'Connor:**  But she is not here to testify about that.
   **Kezhaya:**  That's—that's where the confusion is.  I did not read your e-mail.
   **O'Connor:**  You should have.
   **Kezhaya:**  I received the e-mail.  I know, but I get a lot of e-mails.
   **O'Connor:**  Okay.  Well that would avoid a lot of confusion then.
   **Kezhaya:**  Perhaps.  But here we are.
See Exhibit 4 at 100:1-24; 101:1-4.
[5] In its most recent status report the Satanic Temple takes issue with the City's proposal to schedule
three depositions in one day on September 13, 2022.  See ECF No. 60.  This position is at odds
with Mr. Kezhaya's position on August 25, 2022, when he was threatening sanctions because all
five of the City's 30(b)(6) designees were not available to be deposed that day.

and again offered a designee to testify on Mayor Wu's behalf regarding the subjective intent questions on either September 12 or 13.[6]  See e-mail, attached hereto as Exhibit 5.  Mr. Kezhaya did not agree to move forward with the 30(b)(6) deposition on September 12 or 13.  Instead, he sent the following response:

> I don't understand the confusion.  I sent you a clear letter that informs you that if Wu fails to make her deposition, I will seek a bench warrant and I will move for contempt.

See e-mail, attached hereto as Exhibit 6.  In light of this response, the City filed a second motion to quash Mayor Wu's deposition which is currently pending before this Court.  See ECF No. 57.

The City heard nothing further from the Satanic Temple until September 5, 2022, when the Satanic Temple filed a status report with the Court that stated, among other things, that it intended to move forward with the 30(b)(6) depositions on September 12-14.  See ECF No. 58.  The next day, the City received an e-mail from Mr. Kezhaya's paralegal requesting that the City "let us know who will appear at which dates and times."  See e-mail, attached hereto as Exhibit 7.  The City responded as follows:

> We're aiming to have chiefs of staff for Councilors Flynn, Baker, Flaherty and Mayor Wu available on September 12 and 13.  Ideally, we'd like to schedule two depositions per day.  We're coordinating schedules with these folks and will circle back as soon as possible as to who is available on which date.  I want to flag, however, that since we did not have confirmation that Plaintiff intended to move forward with these depositions until yesterday, some chiefs of staff may no longer be available.  In the event that happens, we'll propose alternative dates for their depositions.

See e-mail, attached hereto as Exhibit 8.  The next day, the City sent a follow-up e-mail that stated the chiefs of staff for Mayor Wu, Councilor Baker, and Councilor Flynn would be present on September 13, 2022, but that the deposition for the chief of staff for Councilor Flaherty would

---

[6] In that same e-mail undersigned counsel explained that September 14 would no longer work because of a previously-scheduled City Council meeting.  See Exhibit 4.

need to be rescheduled.  <u>See</u> e-mail, attached hereto as <u>Exhibit 9</u>.  The City stated that it was "happy to work with [Mr. Kezhaya's] schedule to come up with a date that works for all parties." <u>Exhibit 9</u>.  Mr. Kezhaya responded by saying that the "agreement" had been broken, that he was moving for sanctions, and that he would see undersigned counsel for Mayor Wu's deposition on September 20.[7]  <u>See</u> e-mail, attached hereto <u>Exhibit 10</u>.  Interpreting this e-mail to mean that Mr. Kezhaya was not moving forward with the three 30(b)(6) depositions on September 13, undersigned counsel sent Mr. Kezhaya an e-mail confirming as much and advising him that she would inform the deponents that they did not need to appear.  <u>See</u> e-mail, attached hereto as <u>Exhibit 11</u>.  The City did not receive a response to this e-mail.

The City heard nothing further from the Satanic Temple until September 12, 2022, when it filed another status report with the court, again reiterating that it was planning to move for sanctions and accusing the City of engaging in a "campaign of discovery obstruction".  As the above makes clear, the City has not obstructed discovery in any way.[8]  If anything, it has consistently made efforts to streamline discovery, to get the Satanic Temple the information it seeks, and to move this litigation forward.  Any discovery delays were problems of Mr. Kezhaya's own making that could have been avoided had he simply read his e-mail, picked up the phone, abided by court orders, or extended routine professional courtesies.

---

[7] Discovery in this case does not close until October 26, 2022.  It is unclear why the Satanic Temple refuses to extend routine professional courtesies in scheduling depositions.

[8] To date, the only person that the City has refused to produce for a deposition is Mayor Wu—and that is because there is an Order from this Court precluding the Satanic Temple from deposing her. <u>See</u> ECF No. 47.  The City has otherwise answered all written discovery and attempted to work with counsel to schedule all other depositions.

Respectfully submitted:

**DEFENDANT CITY OF BOSTON**

By its attorneys:

Adam N. Cederbaum
Corporation Counsel


*/s/ Nicole M. O'Connor*
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039
Nicole.OConnor@boston.gov


### <u>CERTIFICATE OF SERVICE</u>

I, Nicole M. O'Connor, hereby certify that on September 13, 2022, a copy of this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Nicole M. O'Connor*
Nicole M. O'Connor