Page 1

```
UNITED STATES DISTRICT COURT
   DISTRICT OF MASSACHUSETTS
                    CASE NO. 21-cv-10102
- - - - - - - - - - - - - - - - - - -
THE SATANIC TEMPLE, INC.,
              Plaintiff,
     v.
CITY OF BOSTON, MA,
              Defendant.
- - - - - - - - - - - - - - - - - - -
```

AUDIOVISUAL DEPOSITION of CHRISTINE O'DONNELL, a witness called by counsel for the Plaintiff, taken pursuant to the Federal Rules of Civil Procedure before Kristen L. Kelly, Registered Professional Reporter, MA CSR No. 115893 and Notary Public in and for the Commonwealth of Massachusetts, at The Satanic Temple, 64 Bridge Street, Salem, Massachusetts, on Thursday, August 25, 2022, commencing at 9:32 a.m.

1      MR. KEZHAYA: Many indeed.
2           One additional question. Are you
3  asserting a particular privilege ground or is it
4  literally just it's not specifically identified as an
5  enumerated topic in my matters of examination in my
6  30(b)(6) notice?
7           MS. O'CONNOR: It's the latter.
8           MR. KEZHAYA: Okay. Just making sure.
9  Let's skip that part.
10 BY MR. KEZHAYA:
11     Q   You have read the pamphlet; is that correct?
12     A   This pamphlet?
13     Q   Have you read the pamphlet? Let's start with
14 that.
15     A   I have not.
16     Q   Okay. Let's read it. So --
17          MS. O'CONNOR: Objection again. Matt,
18 again, what does this have to do with any of the topics
19 that she's designated for?
20          MR. KEZHAYA: She's --
21          MS. O'CONNOR: For the 30(b)(6).
22          MR. KEZHAYA: Okay. Let's return to the
23 30(b)(6) notice. I seem to remember putting at the
24 very end here: Any other facts the City finds

Page 27

1  relevant, any documents provided by the City in
2  discovery, any pleadings.
3              We talked about the pleadings earlier
4  today.  The pleadings obviously includes the plaintiff
5  as one of the people in this dispute.  This is about
6  us, quite literally.  I don't understand how this is
7  not within the scope of the dispute.
8              MS. O'CONNOR:  So if you're referring to
9  paragraphs 28-29-30, those are facts that the City
10 finds important.
11             MR. KEZHAYA:  Ah-huh.
12             MS. O'CONNOR:  Facts that the City finds
13 relevant.
14             MR. KEZHAYA:  Okay.
15             MS. O'CONNOR:  And documents provided to
16 the City during discovery, was that pamphlet provided
17 to the City during discovery?
18             MR. KEZHAYA:  No.  No.  Again, my
19 understanding of 30(b)(6) is that I'm not limited to
20 these things.  This is just me telling you what to be
21 ready to hear.
22             MS. O'CONNOR:  Yeah, so we have a
23 fundamental disagreement about the scope of a 30(b)(6)
24 deposition then.

1  Next layer down --
2              MS. O'CONNOR:  We're not doing this.
3  Ask your question.
4              MR. KEZHAYA:  Well, I'm trying to ask my
5  question.
6              MS. O'CONNOR:  I don't have to
7  explain --
8              MR. KEZHAYA:  You're telling her to stop
9  answering my questions.  That's why I'm getting
10 frustrated very quickly here.
11             MS. O'CONNOR:  And you can be
12 frustrated.  But I'm frustrated that you're asking her
13 to answer things -- and I've given some leeway here
14 because I think it's helpful in terms of the background
15 of the council, but she's not testifying about
16 subjective opinions, thoughts, the way the councilors
17 think.
18             MR. KEZHAYA:  Okay.
19             MS. O'CONNOR:  So your question
20 necessarily asks her to know what the councilors are
21 thinking when they're taking a particular action.
22             MR. KEZHAYA:  I believe I have found an
23 impasse.  I propose that the impasse is as follows:  I
24 want to know what is going on in the minds of the

1  specific councilors who are not voting TST's -- or not
2  voting, rather, they are extending an invitation to TST
3  proper.  I am wanting that information.  You are
4  telling me she does not have that information for me.
5           MS. O'CONNOR:  Absolutely.  And as I
6  expressed --
7           MR. KEZHAYA:  No.  No.  That's
8  sufficient.
9           MS. O'CONNOR:  No.  No.  You don't get
10 to shut me off like that.
11          MR. KEZHAYA:  Well, okay.
12          MS. O'CONNOR:  So as I explained in my
13 email to you, we are not designating individuals and
14 certainly not Christine.  Christine has not been
15 designated to testify about the subjective intent of
16 the councilors.  We did offer chiefs of staff for some
17 of the councilors.
18          MR. KEZHAYA:  Ah.
19          MS. O'CONNOR:  But she is not here to
20 testify about that.
21          MR. KEZHAYA:  That's, that's where the
22 confusion is.  I did not read your email.
23          MS. O'CONNOR:  You should have.
24          MR. KEZHAYA:  I received the email.  I

1  know, but I get a lot of emails.
2              MS. O'CONNOR:  Okay.  Well, that would
3  avoid a lot of confusion then.
4              MR. KEZHAYA:  Perhaps but here we are.
5  So I want that information.  Who will give me that
6  information?
7              MS. O'CONNOR:  Not Christine O'Donnell.
8              MR. KEZHAYA:  Great.  Who will give me
9  that information?
10             MS. O'CONNOR:  The people that I
11 identified in the email.
12             MR. KEZHAYA:  I see.  Where are they?
13             MS. O'CONNOR:  And I told you that they
14 would be here on the dates that we identified.  We put
15 certain dates on hold in September, and we articulated
16 to you that they would be present on those dates in
17 September.
18             MR. KEZHAYA:  Yeah, but I don't remember
19 that conversation.  We don't have it in writing so --
20             MS. O'CONNOR:  We do have it in writing.
21 I emailed it to you.
22             MR. KEZHAYA:  No, you emailed me your
23 position.  I did not accept or deny your position.  I
24 did not read it.

Page 102

1       MS. O'CONNOR:  Okay.
2       MR. KEZHAYA:  So you communicated
3   something to me which I did not accept or reject.  My
4   position was that when I issue a notice to the City of
5   Boston certain things that I want to know that pursuant
6   to Rule 30(b)(6), to which we have previously addressed
7   I'm entitled to know this information, they were going
8   to send me someone who does, in fact, know that
9   information.  So I see that this is an impasse.  Do you
10  agree that this is an impasse?
11      MS. O'CONNOR:  I agree this is an
12  impasse.
13      MR. KEZHAYA:  Okay.  And do you also
14  agree that you're instructing the witness not to answer
15  to the specific items relating to subjective
16  motivations of the particular people who do not extend
17  the invitations to the congregants which is the subject
18  matter of this dispute?
19      MS. O'CONNOR:  Yes.
20      MR. KEZHAYA:  Okay.  Okay.
21      MS. O'CONNOR:  So as I explained in the
22  email, I would not be producing Christine O'Donnell to
23  answer those questions.  We identified a couple of
24  individuals who would testify on behalf of certain

1  councilors.
2          MR. KEZHAYA: Okay.
3          MS. O'CONNOR: And we suggested that if
4  you disagree with our premise, go ahead and file a
5  motion, but we have -- you have been on notice of the
6  City's position about that at least a month prior to
7  this deposition.
8          MR. KEZHAYA: Yeah, but before that I
9  sent a Notice of Deposition that says let it be known
10 that pursuant to Rule 26 and 30(b)(6), Federal Rules of
11 Civil Procedure, I will deposing the City of Boston
12 through anyone who consent to testify on its behalf
13 concerning the matters set forth below. Said
14 deposition taking place here now. She is here now.
15         MS. O'CONNOR: Correct, but she wasn't
16 designated on those topics.
17         MR. KEZHAYA: Oh, you didn't designate
18 her?
19         MS. O'CONNOR: Correct.
20         MR. KEZHAYA: I see. Why didn't you
21 designate her?
22         MS. O'CONNOR: Because she's not
23 knowledgeable about those topics and we designated
24 other individuals.

1   MR. KEZHAYA: I see. When will they get
2   here?
3   MS. O'CONNOR: I gave you the dates in
4   the email.
5   MR. KEZHAYA: I understand you suggested
6   dates in the email, but the deposition is here and now.
7   MS. O'CONNOR: So I don't know how they
8   do things in Arkansas, but typically if you -- those
9   dates don't work for you, we're happy to coordinate
10  dates. A 30(b)(6) depo can oftentimes take more than
11  one day.
12  MR. KEZHAYA: Mmm.
13  MS. O'CONNOR: So if you had a different
14  position, I think the time to volunteer it would have
15  been in response to my email over a month ago.
16  MR. KEZHAYA: Perhaps. But I would
17  proffer that Rule 26 provides for protective orders
18  which you guys did not move for one. So I issued my
19  notice, and I expect that something will be filed with
20  the court if there's something wrong with my notice.
21  MS. O'CONNOR: Okay.
22  MR. KEZHAYA: And nothing was filed with
23  the court.
24  MS. O'CONNOR: We did not file anything