UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:21-cv-10102-AK

THE SATANIC TEMPLE, INC.,

**Plaintiff**

**v.**

**CITY OF BOSTON**

**Defendant**

## CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL

The city of Boston ("City") opposes the Plaintiff's Motion for Recusal because Plaintiff has not shown facts supporting a claim of bias that would "provide [] an objective knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." Fidelicomiso De La Tierra del Cano Martin Pena v. Fortuno, 631 F.Supp.2d 134, 136 (D. Puerto Rico 2009) quoting, In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001).[1]  In sum, the Plaintiff's basis for recusal is not based on facts showing bias, but rather a dissatisfaction with the Court's rulings and management of its docket and resources.

---

[1] Counsel has also misstated and or mischaracterized a number of facts.  For example, Plaintiff states that the Court placed an "extraordinarily (sic) limitation" on Plaintiff's discovery.  See Plaintiff's Motion for Recusal, page 9.  This is not true.  Plaintiff was not permitted to take a deposition of Councilor Wu, and the City has made available forty-seven (47) other people to answer the Plaintiff's questions.

In further support of its opposition, the City states:

1.  Plaintiff's motion is not grounded in facts but is based on the Judge's rulings in particular in response to Plaintiff's discovery efforts.  Adverse judicial rulings and a judge's efforts at courtroom administration even if those efforts involve expressions of frustration and the like with counsel or the case, do not form the basis for recusal.

In Liteky v. United States, the Supreme Court clearly stated that:

"Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion... Almost invariably, they are proper grounds for appeal, not for recusal . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the courts of a trial that are critical or disapproving of, or even hostile to counsel, the parties or their cases ordinarily do not support a bias or partiality challenge . . . Not establishing bias or partiality are expressions of impatience, dissatisfaction, annoyance and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary effort at courtroom administration—remain immune." Liteky v. United States, 510 U.S. 540, 555-56 (1994).

A motion for recusal cannot be made because of "a judge's prior adverse rulings against a party does not create a reasonable doubt about the judge's impartiality so as to require recusal." United States v. Kelly, 712 F.2d 884, 889 (1st Cir. 1983).   Even in cases where a judge's rulings

are erroneous does not require recusal.  In re Boston's Children First, 244 F.3d 164, 167 n. 7 (1st

Cir. 2001).  See also Fidelicomiso De La Tierra del Cano Martin Pena v. Fortuno, 631 F.Supp.2d

134, 136-137 (D. Puerto Rico 2009)( collecting cases that recusal is not supported by

dissatisfaction with rulings and case management by the Court).

      Plaintiff does not allege facts that a reasonable third party would see as partiality, but

rather Plaintiff complains of adverse rulings made against the Plaintiff and the judge's efforts to

manage discovery within the rules of civil procedure.  See Plaintiff's Motion for Recusal, page 2,

¶¶ 4, 6, 7, 8, and10.  The Judge's decisions and management of the docket and the Court's

resources do not meet the standard for recusal.  See Plaintiff's Motion for Recusal, page 12-13;

See Docket No. 63.

      2.The Court did not force Plaintiff's counsel to disclose "opinion work product."  See

Plaintiff's Motion for Recusal, page 2, ¶¶1,2, and 5.  In weighing the motion and oppositions and

the applicable discovery rules, the Court simply asked, why Plaintiff had scheduled to take

Councilor Wu's deposition on November 2, 2022 (Election Day).  See Docket No. 36.

      The Court is required under the rules of civil procedure and case law to question counsel's

actions in issuing such a subpoena as the one issued by Plaintiff's counsel.  See Fed. R. Civ. P.

45 (d)(1) Protecting a Person Subject to a Subpoena; Enforcement " [a] party or attorney

responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an

undue burden or expense on a person subject to the subpoena.  The court … must enforce this

duty [of an attorney to take reasonable steps to avoid undue burden] and impose an appropriate

sanction. . . ."  In response, Plaintiff's counsel chose to detail his "litigation strategy" in a two-

page letter in response to the Court's simple question why did Plaintiff need to take Mayor Wu's

deposition on Election Day.  Plaintiff's counsel chose to disclose his motive and strategy which were improper, and served as the basis for the Judge's response.

For the above reasons, the City opposes the Plaintiff's ungrounded motion for recusal.

Respectfully submitted:

**DEFENDANT CITY OF BOSTON**

By its attorneys:

Adam N. Cederbaum
Corporation Counsel

Elizabeth L. Bostwick (BBO#644498)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall - Room 615
Boston, MA 02201
(617) 635-4031

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon counsel for the Plaintiff via the Court's e-mail system and first-class mail, postage pre-paid.

10/13/22
Date

Elizabeth L. Bostwick