**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:21-CV-10102**

THE SATANIC TEMPLE, INC.,
        **Plaintiff,**

v.

CITY OF BOSTON
        **Defendant.**

**CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER PROTECTIVE ORDER**

**I.    FACTUAL BACKGROUND**

In support of its Opposition, the City refers to the factual background set forth in City of Boston's Response to the Satanic Temple's Status Reports [ECF Nos. 58 and 60]. See ECF 61.

In addition to the facts set forth in ECF 61, the Plaintiff has since deposed former City Councilor Anissa Essaibi-George on September 19, 2022. Plaintiff issued and the City has responded to limited written discovery. In total, Plaintiff propounded twelve (12) interrogatories and twelve (12) requests for product ion of documents. The parties have engaged in no further discovery since that time.

**II.    ARGUMENT**

    1.  **Plaintiff has not deposed the City's 30 b (6) designees' Chiefs of Staff for Mayor Wu, Councilors Flynn, Baker, and Flaherty**

Plaintiff incorrectly states that it pursued permissible means to gather other relevant information. See Plaintiff's Motion to Reconsider Protective Order, page 1.  In response to Plaintiff's 30 (b)(6) deposition notice, the City designated several people to address the deposition notice's categories which broke down into two categories "1) general background about the City's invocation process and 2)specific questions about City Councilor's subjective thought process in deciding who they would invite as a speak." See City of Boston's Response to the Satanic Temple's Status Reports [ECF Nos. 58 and 60], page 1.  On July 29, 2022, the City designated the chiefs of staff for Mayor Wu, Councilor Flynn, Councilor Baker and Councilor Flaherty to testify about their subjective intent.  Id. at page 2. Plaintiff chose not to go forward with those depositions that had been scheduled and prepared for on September 12, 13, or 14, 2022. Id.

Because Plaintiff's counsel did not read the e-mail that the City's attorney sent to him prior to the 30 (b) (6) deposition of Christine O'Donnell on August 25, 2022, Plaintiff inquired of Ms. O'Donnell about topics that she could not address and had not been designated to address. Id. at page 3, fn. 4.

If Plaintiff's wants information about Mayor Wu, and the other Councilors' subjective intent or other questions about the discontinuation of the pay for pray process as to the invocation process, Plaintiff should depose the City's designees on that topic under its 30(b)(6) deposition notice.  Plaintiff cannot assert it has exhausted the discovery available to it when it has not taken the deposition of the City's other designees, which specifically included the Chief of Staff to Mayor Wu at the time she served in the Council, on the subjective intent question.  The testimony quoted by the Plaintiff in its motion for reconsideration does not change this, and or compel another result.

2

**2.  Mayor Wu is a high ranking official and entitled to consideration especially when the City has made her Chief of Staff available to address the questions that the Plaintiff raises.**

The Plaintiff's stated and improper reasons in its multiple attempts to depose Mayor Wu, should also draw additional caution.  Mayor Wu in her present position is a high ranking official, and as such absent the required showing that other means cannot address the Plaintiff's discovery then her deposition is not proper.

Discovery from high ranking officials is limited.  Bogan v. City of Boston, 489 F.3d 417,423 (1st Cir. 2007) citing, United States v. Morgan, 313 U.S. 409,422 (1941).   In Morgan, the United States Supreme Court stated that the practice of calling high ranking officials as deponents should be discouraged.    Especially when others (more junior officials or employees) can address the discovery needs.   Depositions of high-ranking officials is permitted in instances where the high-ranking official has first-hand knowledge and it is "shown that other persons cannot provide the necessary information." Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir.  2007)  citing, In re United Stated (Holder), 197 F.3d 310, 314 (8th Cir. 1999).

As the Mayor of the City of Boston, Mayor Wu is a high ranking official.  Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007) (recognizing that Mayor Menino was a high ranking official); see also Marisol v. Giuliani, 1998 WL 132810, *4 (S.D.N.Y. 1998)  ( Mayor Giuliani is a high ranking official subject to protective order for discovery purposes).

When a party has not exhausted the other avenues of the information to address its questions, the deposition of a high-ranking official is not appropriate. See Bogan v. City of Boston citing, Alexander v. FBI, 186 F.R.D. 1, 5 (D.D.C. 1998) (denying discovery from high ranking official because of "other avenues of discovery plaintiffs may pursue[d]"; Marisol v.

3

Giuliani, 1998 WL 132810,*4 (S.D.N.Y. 1998) ( mayor granted protective order where relevant discovery could be obtained from other city employees."

Exhibits 8 and 9 of Plaintiff's own motion show email exchanges among City Council staff members, not the City Councilors themselves, making plans to invite invocation speakers. These emails show that staff members of individual City Councilors would possess critical information relevant to the selection of invocation speakers by individual City Councilors. The City has made the Mayor's Chief of Staff during her time as a City Councilor available to be deposed pursuant to Plaintiff's 30(b)(6) deposition notice. See City of Boston's Response to the Satanic Temple's Status Reports [ECF Nos. 58 and 60], page 1. Plaintiff has not pursued such information as it relates to the Mayor and thus, has failed to exhaust alternative means of obtaining the same information from other sources. In such a situation, the deposition of the Mayor remains inappropriate and the protective order should remain in place.

### 3. The City asserts that there is good cause for the Protective Order to remain in place given Plaintiff's unvarnished attempt to harass and unduly burden Mayor Wu.

Plaintiff has taken the depositions of a single individual that served on the City Council and the 30(b)(6) witness designated by the City to testify as to general policies and procedures around selecting invocation speakers for City Council meetings. Plaintiff has not deposed any other City Councilor, past or present, regarding their practice in inviting invocation speakers, nor has he attempted to depose members of their staff. Id. at page 2. Plaintiff has made no attempt to find the information through alternative means even when the City has offered to produce the Mayor's Chief of Staff from her time on the City Council to answer questions as to her subjective intent in selecting invocation speakers as requested in Plaintiff's own 30(b)(6) deposition notice. The Plaintiff, in its Motion has failed to demonstrate that the other sources of

information that have been made available by the City are unable to provide the information sought because Plaintiff has actively ignored such information when presented.  This failure to make any attempt at gathering information from alternative sources and to rebuff the opportunity when it is presented, only further demonstrates Plaintiff Counsel's intention to harass and unduly burden a high-ranking government official.

Even beyond his focus on Mayor Wu, there has been no attempt to discern the practices of the City Council as a whole where he has only noticed a deposition of a single former City Councilor and failed to take the depositions of the the Chiefs of Staff of four (4) current City Councilors, that also served at the time of TST's request, on the agreed upon dates of September 12, 13 and 14. Id.  Plaintiff has also failed to demonstrate the unique relevance of the Mayor's testimony beyond that of any other City Councilor that served with her.  His reference to a "pay for pray" scheme is a red herring, as the fact that the City stopped issuing stipends to invocators on or about the time of TST's request has no bearing on whether the City Council as a whole engaged in a discriminatory prayer scheme.  This single-minded focus on the Mayor, at the expense of collecting additional information from alternative sources when offered by the City only further demonstrates the continuing attempt to harass and unduly burden a high-ranking government official and further reinforces the need for the Protective Order to remain in place.

## III.    CONCLUSION

For the foregoing reasons, the City requests that the Court deny Plaintiff's Motion to Reconsider the Protective Order.

Respectfully submitted,

DEFENDANT,

CITY OF BOSTON,

By its attorney,
Adam N. Cederbaum,
Corporation Counsel

Elizabeth Bostwick (BBO #644498)
Robert Arcangeli (BBO #689034)
City of Boston Law Department
One City Hall Square, Room 615
Boston, MA 02201
Telephone: (617) 635-4061
Facsimile: (617) 635-2012
Elizabeth.Bostwick@boston.gov
Robert.Arcangeli@boston.gov

Dated: October 20, 2022

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the
registered participants as identified on the Notice of Electronic Filing (NEF) on October 20, 2022.

Elizabeth L. Bostwick