UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. 21-CV-10102-AK <br> ) |
| CITY OF BOSTON, MA, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**ORDER**

**A. KELLEY, D.J.**

Plaintiff The Satanic Temple, Inc., ("Plaintiff" or "TST"), filed a Motion for Recusal on September 30, 2022 [Dkt. 65]. For the following reasons, the Court **DENIES** Plaintiff's Motion.

### I. Legal Standard

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." Id.; see also United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983). While "courts must not only be, but seem to be, free of bias or prejudice," allowing "recusal on demand would put too large a club in the hands of litigants and lawyers, enabling them to veto the assignment of judges for no good reason." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). Additionally, "a trial judge must hear cases unless there is some reasonable factual basis to doubt the impartiality or fairness of the tribunal." United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2000). Courts must weigh the objective facts asserted, not "rumors, innuendos, and erroneous information," and consider whether the facts "provide

1

what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re United States, 666 F.2d 690, 695 (1st Cir. 1981). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and *can only in the rarest circumstances evidence the degree of favoritism or antagonism required* . . . when no extrajudicial source is involved." Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis added) (internal citation omitted). Additionally, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id.

## II. Discussion

Plaintiff bases its request for recusal on a laundry list of disagreements with this Court's rulings and orders in this case. Specifically, TST takes issue with the Court's rulings regarding the scope of discovery, its motion for certificate of appealability, and its repeated and unsolicited status reports to the Court. TST alleges that these decisions lead it to "reasonably suspect" that the undersigned is "biased and incompetent." [Dkt. 65 at 1]. However, a case involving a motion for recusal "is clearly distinguishable from those where a party alleges an error of law that, despite the hardship of delay, may be fully addressed and remedied on appeal." In re United States, 666 F.2d at 694. Though Plaintiff did submit a motion for certificate of appealability [Dkt. 50], such a request was not warranted.

Given that the caselaw delineates between issues subject to a motion for recusal and those that may be "fully addressed and remedied on appeal," the Court briefly turns to the issue of

interlocutory appeals.  Id.  Plaintiff submitted its request for such an appeal [Dkt. 50] pursuant to 28 U.S.C. § 1292(b), which provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

Id.

The statute's requirements are clear: It vests in the district judge the authority that, if she "*shall be of the opinion*," that her order involves several factors, including (1) "a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation"; then she "*shall so state in writing in such order*." Id. (emphasis added).  Here, even if the Court had determined that both a controlling question of law and a substantial ground for differences of opinion were present—and to be clear, *it has made no such findings*—the Court could not rule that an immediate appeal from the order would materially advance the ultimate termination of the litigation, because plaintiff misread the Court's order.  As such, the Court did not "so state in writing" within its order any of the factors required by Section 1292(b).  Id. In fact, the Court clearly stated its reasons for denying Plaintiff's motion, not the least of which was Plaintiff's "egregious misreading of the Court's order" which ignored the fact that "*the Court's order [did] not have the effects Plaintiff claim[ed] in its recent motion*." [Dkt. 51 at 3] (emphasis added).  As such, "despite the hardship of delay," Plaintiff's arguments regarding the protective order, "may be fully addressed and remedied on appeal," In re United States, 666 F.2d at 694, if not remedied by the Court's response to Plaintiffs' still-pending motion for reconsideration regarding the protective order, [Dkt. 66].

3

### III. Conclusion

Plaintiff's arguments for recusal are based solely on this Court's judicial rulings which cannot, and do not, provide an objective basis for recusal. Plaintiff's Motion for Recusal [Dkt. 65] is therefore **DENIED.**

**SO ORDERED.**

December 6, 2022                                        /s/ Angel Kelley
                                                                    ANGEL KELLEY
                                                                    U.S. DISTRICT JUDGE