UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 21-CV-10102-AK<br>) |
| CITY OF BOSTON, MA, | )<br>) |
| Defendants. | )<br>) |

**ORDER**

**A. KELLEY, D.J.**

Plaintiff The Satanic Temple, Inc. (hereinafter, "Plaintiff" or "TST"), filed a motion for reconsideration [Dkt. 55] pursuant to Rules 60(b)(5) and (6) requesting that this Court vacate its July 21, 2021, order [Dkt. 21] dismissing Plaintiff's Free Speech/Free Exercise claim [see Dkt. 16 ("Am. Compl.") ¶¶ 91-99 ], which the Defendant, the City of Boston, Massachusetts (hereinafter "Boston"), opposes [Dkt. 56]. For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

   **I.   LEGAL STANDARD**

Rule 60 provides that on motion and just terms, a district court may relieve a party from a final judgment or order. See Fed. R. Civ. P. 60. "Relief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." Giroux v. FNMA, 810 F.3d 103, 106 (1st Cir. 2016) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). For a Rule 60(b) motion to succeed, the movant must prove to the district court that, at a

1

bare minimum, (1) its motion is timely; (2) exceptional circumstances favoring the relief are present; (3) if the order or judgment were set aside, it would have a meritorious claim or defense; and (4) if the order or judgment were set aside, the opposing parties would not be subjected to unfair prejudice.  See id.  Rule 60 is separated into six subsections, each of which "describes a particular basis for relief from judgment."  Id. (quoting Ungar v. Palestinian Liberation Org., 599 F.3d 79, 83 (1st Cir. 2010)).

## II.    DISCUSSION

Plaintiff filed the instant motion for reconsideration on July 21, 2022, just under three months after the Supreme Court's decision in Shurtleff v. City of Boston, 142 S. Ct. 1583 (2022), and twenty-five days after its decision in Kennedy v. Bremerton School District, 142 S. Ct. 2407 (2022).  Because Plaintiff filed its motion within a reasonable time after the decisions it cites to justify its request for relief, its motion is timely.

### a.   Relief under Rule 60(b)(5)

Plaintiff first argues that after the Supreme Court's decisions in Shurtleff and Kennedy, this Court's "order of dismissal clashes with the current state of the law and must be vacated." [Dkt. 55 at 1].  Plaintiff also alleges that this Court's order "is no longer equitable" under Rule 60(b)(5).  [Id.].  Because Plaintiff fails to establish that the law upon which this Court's dismissal was based on was reversed or vacated, and the order of dismissal is not an order with prospective application, Plaintiff is not authorized relief under Rule 60(b)(5).

Rule 60(b)(5) "describes three sets of circumstances in which relief from a final judgment may be justified."  Villeneuve v. Avon Products, Inc., 977 F.3d 89, 92 (1st Cir. 2020) (quoting

2

Comfort v. Lynn School Committee, 560 F.3d 22, 27 (1st Cir. 2009)). Under the rule, "a court may grant relief from a final judgment when: [t]he judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Comfort, 560 F.3d at 26. A decision is "based on" an earlier judgment when that prior judgment is "a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense. It is not sufficient that the prior judgment provides only precedent for the decision." Lubben v. Selective Serv. Sys. Loc. Bd. No. 27, 453 F.2d 645, 650 (1st Cir. 1972) (internal citations omitted).

This Court's decision to dismiss Count II, the Free Speech and Free Exercise claim of Plaintiff's amended complaint, was not "based on" any of the underlying decisions impacted by either Shurtleff or Kennedy. See Lubben, 453 F.2d at 647. Though this case, Shurtleff, and Kennedy all involve questions regarding the First Amendment right to free speech, the facts of each case are easily distinguishable from each other. This case concerns whether the City of Boston unconstitutionally denied Plaintiff's requests to lead an invocation at the start of city council meetings in 2016 and 2017. [Am. Compl. ¶ 23]. In its order dismissing Count II, this Court found that the invocation given at the start of each City Council meeting is government speech, and because government speech is not subject to scrutiny under the Free Speech Clause of the Constitution, Count II of Plaintiff's Amended Complaint must be dismissed. [Dkt. 21 at 7]. Far from being based on a decision that would be affected by the Shurtleff or Kennedy opinions, this Court did not rely on any of the precedent that either of those decisions evaluated. [See id. at 6–8]. Further, even if this Court had cited one of those underlying decisions in its reasoning to dismiss Count II, Rule 60(b)(5) "does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently

3

overruled or declared erroneous in another and unrelated proceeding." Lubben, 453 F.2d at 650; see also Comfort, 560 F.3d at 27 ("a change in applicable law does not provide sufficient basis for relief" under Rule 60(b)(5)).

In fact, the two recent Supreme Court decisions appear to further affirm this Court's reasoning in deciding to dismiss Count II. Plaintiff argues that "the Supreme Court held that Boston abused the Government Speech doctrine to further viewpoint discrimination" and that "speech is not 'government speech' unless the government exerts 'active control' over the subject of the message sought to be accommodated." [Dkt. 55 at 2] (citing Shurtleff, 142 S. Ct. at 1592). Though the Shurtleff Court held that "Boston's refusal to let Shurtleff and Camp Constitution raise their flag based on its religious viewpoint abridged their freedom of speech," Plaintiff's interpretation of that holding misses the mark. Shurtleff, 142 S. Ct. at 1587. In Shurtleff, the Supreme Court applied the government speech doctrine to the specific facts in that case, which led to the conclusion that "Boston's flag-raising program does not express government speech." Id. at 1593. In reaching that holding, the Supreme Court was clear in reaffirming the process by which courts must analyze whether actions by the government constitute the government speaking for itself versus improper regulation of private speech:

> In answering these questions, we conduct a holistic inquiry designed to determine whether the government intends to speak for itself or to regulate private expression. Our review is not mechanical; it is driven by a case's context rather than the rote application of rigid factors. Our past cases have looked to several types of evidence to guide the analysis, including: the history of the expression at issue; the public's likely perception as to who (the government or a private person) is speaking; and the extent to which the government has actively shaped or controlled the expression.

Shurtleff, 142 S. Ct. at 1589–90 (citing Walker v. Texas Div., Sons of Confederate Veterans, Inc., 576 U.S. 200, 209–14 (2015). Far from a development in "the state of law arising out of the Free Speech and Free Exercise Clauses," that would somehow alter the law upon which this

Court's order dismissing Plaintiff's Free Speech and Free Exercise claim was based, the Shurtleff opinion does just the opposite: it affirms the very same doctrine the Court used. See Shurtleff, 142 S. Ct. at 1589–90.  For clarity, the Court takes a moment to contrast the Shurtleff and Kennedy opinions to its dismissal order in this case.

In Shurtleff, the Supreme Court considered whether the City of Boston violated the First Amendment's Free Speech Clause by refusing to allow a Camp Constitution, a Christian organization, to fly a Christian flag via its program allowing private groups to use one of the three flag poles on the plaza in front of city hall.  142 S. Ct. at 1587.  The Court found that Boston's actions did not constitute government speech on the basis of, *inter alia*, "the city's lack of meaningful involvement in the selection of flags or the crafting of their messages." Id. at 1593.  Because the Court thus categorized the city's flag-raising program was classified as private, rather than government speech, its refusal to allow the Christian organization to fly their flag violated the Free Speech Clause.  See id.

Likewise, the Kennedy Court analyzed whether a school district violated a high school football coach's rights under the Free Speech and Free Exercise Clauses of the Constitution by firing him for "private religious expression" when he knelt to pray at midfield after football games. 142 S. Ct. at 2417.  The Kennedy Court determined the coach was engaged in private speech, not government speech attributable to the school district when he prayed at midfield because he "was not engaged in speech ordinarily within the scope of his duties as a coach . . . did not speak pursuant to government policy . . . was not seeking to convey a government-created message," nor was he "instructing players, discussing strategy, encouraging better on-field performance, or engaged in any other speech the District paid him to produce as a coach." Id. at 2424 (internal quotations and citations omitted)  Though the Court used a different analysis

to determine whether the coach's speech was private or governmental, see id. at 2421–25, it did so because the coach's claim involved his status as a government employee.  Id. at 2423 ("To account for the complexity associated with the interplay between free speech rights and government employment, this Court's decisions in Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty., 391 U.S. 563 (1968), Garcetti v. Ceballos, 547 U.S. 410, and related cases suggest proceeding in two steps").  As in Shurtleff, the Kennedy Court merely affirmed the precedents for analyzing government speech—albeit in a different factual context not applicable to this case.  See id. at 2421–25.

    Here, Plaintiff is not a government employee like the Kennedy plaintiff, so the Court did not conduct its analysis using the Pickering–Garcetti framework.  [See Dkt. 21 at 6–8].  Likewise, though Plaintiff is a religious organization like one of the Shurtleff plaintiffs, the facts of the two cases are distinguishable.  In dismissing Plaintiff's Free Speech Clause claim, this Court followed the proper government speech analysis that the Supreme Court reaffirmed in Shurtleff, citing several of the same precedents, including Walker, 576 U.S. 200, and Pleasant Grove City v. Summum, 555 U.S. 460 (2009).  Compare [Dkt. 21 at 6–8] with Shurtleff, 142 S. Ct. at 1589–93.  The facts of this case support this Court's conclusion that Boston's actions regarding the city council's legislative prayer selection amounted to government speech [see Dkt. 21 at 7], whereas the facts in Shurtleff did not, see 142 S. Ct. at 1589–93.  The Shurtleff Court even acknowledged that had Boston's flag-raising program constituted government speech, "Boston may [have] refuse[d] flags based on viewpoint."  Id. at 1589.  Even if Shurtleff or Kennedy had vacated or reversed a precedent this Court cited in its dismissal, "a change in applicable law does not provide sufficient basis for relief," Comfort, 560 F.3d at 27.

Next, the Court analyzes whether its order to dismiss has a prospective application that "is no longer equitable." Fed. R. Civ. P. 60(b)(5). The First Circuit has understood "the class of judgments having prospective application (sometimes referred to as 'prospective force') to be restricted to forward-looking judgments, such as injunctions and consent decrees." Comfort, 560 F.3d at 28. The Court's order of dismissal is not forward-looking; it merely dismisses a portion of Plaintiff's complaint. [See Dkt. 21 at 6–8]. The dismissal is a final judgment which does not qualify for relief under Rule 60(b)(5). As a result, both of Plaintiff's arguments under Rule 60(b)(5) fail to show that it would have a meritorious claim were the previous dismissal of Count II to be set aside, and accordingly, its request under that rule is denied.

    **b. Relief under Rule 60(b)(6)**

Finding no relief under Rule 60(b)(5), the Court turns next to the Plaintiff's invocation of Rule 60(b)(6). If litigants are not afforded relief under Rule 60(b)(1)–(5), they may seek relief under the rule's "catch all provision," which "authorizes the district court to grant relief from judgment for 'any other reason that justifies relief.'" Giroux, 810 F.3d at 108 (quoting Ungar, 599 F.3d at 83). This catch all provision is not limitless in its scope; for a motion to succeed under Fed. R. Civ. P. 60(b)(6), "[t]he reason asserted must be one other than those enumerated in 60(b) (1)–(5), and must be sufficient to justify the relief sought." Lubben, 453 F.2d at 651. The Court finds no grounds for relief under the residual clause of Rule 60(b)(6).

Plaintiff mentions Rule 60(b)(6) twice is in its motion's introduction, and not after. [See Dkt. 55 at 1] ("See FRCP (60(b)(6) (any other reason that justifies relief)," and "The order of dismissal clashes with the current state of the law and must be vacated. FRCP 60(b)(5), (6)"). It does not provide any legal or factual bases which would allow the Court to analyze whether it could grant relief under this rule. Instead, Plaintiff inaccurately alleges a change in "the current

state of the law" as discussed above in the Court's analysis of Rule 60(b)(5), and additionally, a novel argument that attempts to impute the Establishment Clause's bar to governmental hostility or coercion into the Free Speech Clause's active control doctrine. These arguments are without merit. In its order dismissing Count II, this Court analyzed the Free Speech and Establishment clauses separately. [See Dkt. 21 at 6–12]. As discussed above, the Supreme Court recently reaffirmed its government speech doctrine, which inherently address the issue of whether the government exhibited active control over the speech. Lastly, because Plaintiff's novel attempt to impute the Establishment Clause's bar against government hostility or coercion of religion is not grounded in any precedent, its legal argument does not qualify as a reason "other than those enumerated in 60(b)(1)–(5)," nor is it "sufficient to justify the relief sought." Lubben, 453 F.2d at 651. Accordingly, Plaintiff cannot be granted relief under Rule 60(b)(6).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Dkt. 55] is **DENIED.**


**SO ORDERED.**

December 6, 2022                                       /s/ Angel Kelley
                                                                  ANGEL KELLEY
                                                                  U.S. DISTRICT JUDGE