# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:21-cv-10102-AK

---

THE SATANIC TEMPLE, INC.,

**Plaintiff**

v.

**CITY OF BOSTON**

**Defendant**

---

## THE CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

### I.     INTRODUCTION

The Court should deny the Plaintiff's Motion for Discovery Sanctions (Docket No. 80) because the City's witness was prepared to answer questions related to the topics that she was designated to address. By e-mails, dated July 29, 2022 & July 18th, 2022, the City's attorney informed the Plaintiff that Ms. O'Donnell was designated to address certain topics as one of the City's 30 (b)(6) witnesses and Ms. O'Donnell was <u>not</u> the City's designee to address questions of subjective intent. <u>See</u> <u>Affidavit of Elizabeth L. Bostwick</u> with Exhibits "A" and "B.[1]" The

---

[1] These issues have been previously addressed. <u>See</u> Docket Entry No. 61, <u>City of Boston's response to Satanic Temple's Status Reports ECF Nos. 58 & 60.</u>

1

City's attorney was correct to object to Plaintiff's questions to the witness that she was not the City's designee to address.

## II.  __ARGUMENT__

### A.  __THE PLAINTIFF'S MOTION IS UNTIMELY AND PRESENTS ISSUES PREVIOUSLY ADDRESSED__

Plaintiff seeks sanctions for alleged discovery misconduct that occurred at the one and only 30 (b)(6) deposition that the Plaintiff took some four months ago on August 25, 2022.  Discovery closed in this case on November 25, 2022.  See Docket No. 72, Court's Order granting extension of time to November 25, 2022 to complete discovery.  The Plaintiff's motion for discovery is untimely.

Many of these same issues have been briefed by the City and considered by the Court. See Docket Entry No. 61, City of Boston's Response to Satanic Temple's Status Reports ECF Nos. 58 & 60.  In that filing, the City explained that it had designated certain chief of staff members to address any questions of subjective intent, and that, unfortunately, Plaintiff's counsel had not read his e-mails that were sent to him before the August 25th deposition.  See Docket Entry No. 61, Exhibits "1"-"5."  Thus, Plaintiff's counsel stated "That's where the confusion is. I did not read your e-mail."  The City's attorney stated clearly on the record and in her e-mail to counsel before the August deposition whom the City would designate and that they would be available on September dates that were held for that purpose.  See Plaintiff's Appendix, Exhibit 'B" Deposition pp. 100-101.

2

Lastly, Plaintiff's counsel's Rule 7.1 certificate is baseless. No attorney for the City had a conference with Plaintiff's counsel about his pending motion for discovery sanctions or for sanctions. See Affidavit of Elizabeth L. Bostwick, ¶¶ 4-5.

**B. THE AUGUST 25, 2022 DEPOSITION WAS CONTENTIOUS AND UNPRODUCTIVE BECAUSE OF PLAINTIFF'S COUNSEL'S CONDUCT AND FAILURE TO READ HIS E-MAILS**

Plaintiff's reliance on Gulbankian v. MW Manufacturers, Inc. 2013 WL 2146868 (D. Mass. 2013) is misplaced as that case addressed counsel's objections based on relevance, and more importantly, the Court noted that "there was no evidence that counsel had conducted the deposition in bad faith or in an inappropriate manner." See Gulbankian, 2013 WL 2146868, * 1.

Here, in contrast, the City's witness and counsel were subject to a number of unusual actions. The Plaintiff opened the deposition with an invocation with lowered lights and candles. See Plaintiff's Appendix, Exhibit "B" Deposition pp. 5-6, lines 5-6. Then, Plaintiff's Counsel requested that the City and its witness review a pamphlet about the Satanic Temple, which the City's attorney declined to do, but rather suggested that the parties proceed with stipulations. Id. at p. 8, lines 7-15. Plaintiff's counsel explained that he was "angry" and "prone to excitement" and asked "if anyone has an objection to anything [he] did please let it be known." Id. at p. 9, lines 7-21. Following this disclosure, the videographer asked "before we begin, can we put the lights up just a little bit to where they were? Thank you." so that the deposition could proceed. Id. pp. 10-11.

Plaintiff's counsel also sought to circumvent the City's designated lawyer for the deposition. Plaintiff's counsel stated that any disputes should addressed by the other City

3

attorney and not the City's designated counsel because that that lawyer "knows the law." Id. p. 11 lines 9-15. The City's designated attorney indicated that she would address any disputes that occurred that day, to which Plaintiff's counsel stated "I'm not - hold on. I'm not stuck with you.… All I request is that to the extent there be contention, Rob, be intervening to fix the contention." Id. at pp. 11-12, ll.16-3.

Plaintiff's counsel also directed certain content and questions at the deposition for the "congregants." He noted certain filings for the sake of the "congregants." Id. at pp. 13-14, lines 14- 1, "I am saying this for the congregant's benefit." Id. at p. 16, ll.17-19; "The lawyers in the room speak a certain language that the congregants do not speak."

Sanctions are not appropriate here as the City did not impede the fair examination of the deponent. See Fed. R. Civ. P. 30 (d)(2). The City's attorney was correct to reiterate and maintain the position the witness was designated to speak on certain topics, and not to answer matters about her personal thoughts and feelings. The City's attorney was clear and told Plaintiff's counsel before the August 25th deposition that the witness was not designated to answer the Plaintiff's questions of subjective intent. See Affidavit of Elizabeth L. Bostwick, ¶¶ 2-3. Counsel stated "[b]ecause she's not designated on the subjective intent questions." See Deposition, p. 22, lines 17-23; See Docket Entry No. 61, City of Boston's response to Satanic Temple's Status Reports ECF Nos. 58 & 60; See also Plaintiff's Exhibit "C" page 343, City attorney's e-mail to counsel confirming deposition and the City's designee would testify to the following topics: 1,2,3,4,5,6,7,9,11,13,14, 15, 16, 23, 24, 25, 26, 27, 28, 29 and 30. The City's witness was prepared to address twenty-one (21) of the thirty (30) topics stated in the Plaintiff's 30 (b)(6) notice.

Plaintiff's counsel continued to try to ask the City's witness about matters that she was not the City's designee for. For example, Plaintiff insisted on trying to question the City's witness about The Satanic Temple pamphlet which had not been provide to the City in discovery and was not within one of the designated topics of the 30 (b) (6) notice. <u>See</u> Depo. pp 26-27, lines 27-21.

Plaintiff's counsel engaged in an extensive debate about the word "identity" because he believed that the City witness by providing her name and occupation did not address the question of her identity. See Depo pp. 21-23, ll.15-16. Plaintiff's counsel contended that "identity" included the "internal workings of the mind." <u>Id.</u> at p. 21, ll. 16-20. <u>Cf.</u> Local Rule 26.5(c) definition of "identity" means name of the person.

Lastly, Plaintiff's contention that the City should have had the other witnesses present for August 25th deposition is not reasonable. <u>See</u> Plaintiff's Motion pages 22-30; <u>See</u> <u>Affidavit of Elizabeth L. Bostwick</u>, ¶3. As noted above, the City told the Plaintiff that the City's other 30 (b) (6) witnesses would be available on certain dates in September that were held for that purpose. Plaintiff's counsel failure to consider information provided to him should not serve as a basis for motion for sanctions.

5

## III.    CONCLUSION

For the foregoing reasons, the City moves this Court to deny the Plaintiff's motion for sanctions.

Respectfully submitted:

CITY OF BOSTON
by its attorney:

Adam Cederbaum
Corporation Counsel

Elizabeth L. Bostwick (BBO #644498)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4031
elizabeth.bostwick@boston.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon counsel for the Plaintiff via the Court's e-mail system and first-class mail, postage pre-paid.

Jan. 10, 2022
Date

Elizabeth L. Bostwick