UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:21-cv-10102-AK

THE SATANIC TEMPLE, INC.,

   Plaintiff

v.

CITY OF BOSTON

   Defendant

## AFFIDAVIT OF ELIZABETH L. BOSTWICK

1. My name is Elizabeth L. Bostwick. I make this affidavit based on personal knowledge, I am counsel for the City in this case.

2. I have attached a true and accurate copy of an e-mail sent to the Plaintiff's attorney on July 18, 2022 as Exhibit "A." In this message, the City identifies the topics that the City witness (Ms. Christine O'Donnell) will be prepared to address.

3. I have attached a true and accurate copy of an e-mail sent the Plaintiff's attorney on July 29, 2022 as Exhibit "B." This e-mail informed the Plaintiff's attorney whom the City designated to answer questions for City Councilors Lynn, Flaherty and Baker and Mayor Wu. In this e-mail, the City's attorney also states that questions about "subjective intent" should be addressed by issuing individual deposition subpoenas.

4. I did not have any Local Rule 7.1 conference with the Plaintiff's attorney about the Plaintiff's motion for discovery sanctions.

5. I asked other city attorneys involved in this case, and none of those attorneys had a Local Rule 7.1 conference with Plaintiff's counsel about the pending motion either.

Signed under the pains and penalties of perjury _10th_ day of January 2023.

_____
Elizabeth L. Bostwick

# EXHIBIT "A"



Robert Arcangeli <robert.arcangeli@boston.gov>

## Re: TST v. Boston (21-cv-10102) -- deficiency letter; second discovery requests

**Nicole O'Connor** <nicole.oconnor@boston.gov>  Fri, Jul 29, 2022 at 9:05 AM
To: "Matthew A. Kezhaya" <matt@kezhaya.law>
Cc: "Sonia A. Kezhaya" <sonia@kezhaya.law>, "Brendan Durrigan, Esq." <bdurrigan@gmail.com>, Robert Arcangeli <robert.arcangeli@boston.gov>

Matthew:

The City designates the chiefs of staff for Councilors Flynn, Flaherty, and Baker, as well as the former chief of staff for Mayor Wu, to testify regarding topics 8, 10, 12, 17, 18, 29, 20, 21, and and 22 on their behalf. These folks will testify on one of the dates we put on hold in September (9/12-9/14, I believe). The remaining Councilors who were on the Council at the time relevant to Plaintiff's complaint (as well as their chiefs of staff) are no longer employees of the City and therefore are not within the our "control", so to speak. There are no current City employees who can testify regarding the "subjective intent" of these Councilors. From a practical standpoint (at least from my view), it does not make much sense to insist on moving forward with these "subjective intent" questions via a 30(b)(6) deposition, particularly where you can get this testimony via other means (like issuing individual deposition subpoenas). Of course, you're free to proceed how you see fit, but we'll oppose any motion to compel on these grounds.

Nicole



**Nicole M. O'Connor**
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039
Nicole.OConnor@boston.gov

The information contained in this electronic transmission ("e-mail"), including any attachment (the "Information"), may be confidential or otherwise exempt from disclosure. It is for the addressee only. *This information may be privileged and confidential attorney work-product or a privileged and confidential attorney-client communication.* The Information may also be deliberative and pre-decisional in nature. As such, it is for internal use only. The Information may not be disclosed without the prior written consent of the Corporation Counsel of the City of Boston. If you have received this e-mail by mistake, please notify the sender and delete it from your system. Please do not copy or forward it. Thank you for your cooperation.

On Fri, Jul 22, 2022 at 7:31 AM Matthew A. Kezhaya <matt@kezhaya.law> wrote:
> Hi Nicole,
>
> Thanks for the update. There is an outstanding need for the City to designate a representative to speak on the below-specified matters for examination. As the 30(b)(6) deponent, the City "must" designate someone to testify as to the enumerated matters for examination. FRCP 30(b)(6).
>
> This case presents a novel constitutional question of whether the First Amendment permits a city to categorically exclude a particular religious minority from a legislative prayer ceremony. Whether the City categorically excluded TST because of TST's religious beliefs is the fact question at hand. Indisputably, the City has that information in its possession because the City has claimed that the Councilors have the sole right to determine who speaks. Obviously, the Councilors are all agents of the City. And that fact matter is "material" to the agency. Thus, the City is deemed to know the information sought. Restatement (Third) Of Agency §§ 5.03, 8.11 (2006).
>
> These fact questions speak to the very heart of this case. We all agreed on dates for this deposition, one month after I gave you advanced notice of the matters to be examined. You have had two months

# EXHIBIT "B"

p: (479) 431-6112
f: (612) 349-2760
e: matt@kezhaya.law

Minnesota office:
Kezhaya Law PLC
333 N Washington Ave, #300
Minneapolis, MN 55401
p: (479) 431-6112
f: (612) 349-2760
e: matt@kezhaya.law

This message may contain confidential or privileged information and was intended for a particular recipient. If it appears that I sent this to you in error, please inform me and delete this message.

On Mon, Jul 18, 2022 at 10:19 AM Nicole O'Connor <nicole.oconnor@boston.gov> wrote:
> Matthew:
>
> Following up on our phone call, I wanted to let you know that we are confirmed for August 25th. The deponent that day will be Christine O'Donnell. She will be designated on the following topics: 1, 2, 3, 4, 5, 6, 7, 9, 11, 13, 14, 15, 16, 23, 24, 25, 26, 27, 28, 29, and 30.
>
> While we appreciate the research you did on the 7-hour issue, we'll be maintaining our position that the 30(b)(6) deposition is limited to 7 hours in total, regardless of the number of designees. In recent history I've had at least one judge in the District of Massachusetts agree with this position.
>
> Thanks,
> Nicole



**Nicole M. O'Connor**
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039
Nicole.OConnor@boston.gov

The information contained in this electronic transmission ("e-mail"), including any attachment (the "Information"), may be confidential or otherwise exempt from disclosure. It is for the addressee only. **This information may be privileged and confidential attorney work-product or a privileged and confidential attorney-client communication.** The Information may also be deliberative and pre-decisional in nature. As such, it is for internal use only. The Information may not be disclosed without the prior written consent of the Corporation Counsel of the City of Boston. If you have received this e-mail by mistake, please notify the sender and delete it from your system. Please do not copy or forward it. Thank you for your cooperation.

On Wed, Jul 6, 2022 at 2:12 PM Matthew A. Kezhaya <matt@kezhaya.law> wrote:
> Following up with answers to the two legal questions raised during the meet and confer.
>
> ### 1: Does the 7-hour limit mean all of the matters of examination must be completed within 7 hours?
>
> Clearly no. "For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." FRCP 30, advisory comments (2000 Amendment, subd. (d)(2)). The 30(b)(6) book sheds further light:
>
>> For example, if you have listed four topics and the responding organization designates three witnesses to testify about those four topics ... each witness can testify up to seven hours for a total of twenty-one hours.