UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE SATANIC TEMPLE, INC.,
    Plaintiff,

v.                                              CIVIL ACTION NO. 21-10102-AK

CITY OF BOSTON, MA,
    Defendant.

ORDER ON DEFENDANT'S MOTION FOR SANCTIONS (#80).

KELLEY, U.S.M.J

I. Introduction.

This case concerns the Boston City Council's practice of allowing City Councilors to invite guests to appear at the start of legislative sessions and give invocations. Every year, each Boston City Councilor is assigned dates for which they are responsible for inviting a guest to give an invocation. (#34 at 1.) The Satanic Temple ("TST") is a religious organization headquartered in Salem, Massachusetts. (#16 ¶ 20 (amended complaint).) In 2016, 2017, and 2018, TST contacted the Boston City Council and asked to give an invocation. *Id*. ¶¶ 12, 23; (#34 at 1). The City of Boston responded that City Councilors choose speakers from their communities for their assigned weeks, and a representative from TST could not lead the prayer unless invited by a City Councilor. (#16 ¶¶ 13, 24.) A representative from TST was never invited, which led to the present lawsuit, where TST asserts that the practice of the City Council regarding selecting invocation speakers violates the Establishment Clause of the First Amendment to the United States Constitution (Count

1

I) and the Free Exercise Clause of the Massachusetts Constitution, Article 46, section 1 (Count IV). *Id*. ¶¶ 74-90, 112-117.[1]

On December 28, 2022, TST filed a Motion for Discovery Sanctions (#80), complaining that at an August 25, 2022, deposition of one of the City's designated Rule 30(b)(6) witnesses, the City's attorney improperly instructed the witness not to answer certain questions, improperly made speaking objections during the deposition, and failed to produce other Rule 30(b)(6) witnesses for depositions. *See generally, id*. The motion is styled as one for "sanctions," and plaintiff does request costs for taking the deposition and costs and attorneys' fees incurred in bringing the motion, among other things, but plaintiff also requests an order compelling deposition testimony from Mayor Michelle Wu. (#80 at 29.)

The City filed an opposition (#82), arguing first that the motion was untimely, because discovery closed in this case on November 25, 2022, roughly a month before TST filed the motion. *Id.* at 2. Second, the City stated that the dispute as to the scope of Ms. O'Donnell's testimony was caused by plaintiff's counsel's failure to read emails that the City attorney had sent him, and that the deposition was contentious because plaintiff's counsel acted bizarrely (for example, opening the deposition with lowered lights, candles, and an invocation) and plaintiff's counsel irrationally argued at length during the deposition about such things as the meaning of the word "identity," *id*. at 2, 5. Finally, the City asserts that plaintiff's counsel did not confer with the City before filing the motion, as required by Local Rule 7.1, notwithstanding the fact that plaintiff's counsel attached a Rule 7.1 certification to his motion. *Id*. at 3, #82-1 at 1-2 (affidavit of Attorney Elizabeth

---

[1] Plaintiff's claims alleging violation of its rights under the Free Speech Clause and Free Exercise Clause (Count II) and the Equal Protection Clause (Count III) of the United States Constitution were dismissed by District Court Judge Allison Burroughs on July 21, 2021. (#21.)

Bostwick, stating that she did not have a Local Rule 7.1 conference with plaintiff's attorney, nor did any other attorneys for the City), *see* #80 at 31, plaintiff's "LR 7.1 certificate."

Plaintiff's motion is denied because of the violation of Local Rule 7.1. Local Rule 7.1(a)(2) states: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Plaintiff's counsel's "certificate," attached to his motion, states in full: "Notice is given that I, Matt Kezhaya, notified opposing counsel of this then-forthcoming motion for discovery sanctions. The City did not agree to any part of the motion and did not provide the discovery to which TST is entitled." (#80 at 31.) This is not a proper certification. "Notifying" opposing counsel is not the same as conferring with them in order to resolve or narrow the issues.

As explained by the court in *Martinez v. Hubbard*, 172 F. Supp. 3d 378, 385 (D. Mass. 2016), "[a] Local Rule 7.1 certification is not an empty exercise. Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources. Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well." *Id.* (footnote omitted). Plaintiff is cautioned that in the future he may be subject to sanctions for violations of the rule. *See id.*; *Bessette v. IKO Industries, Inc.*, No. 4:19-cv-40017, 2020 WL 3412711 (D. Mass. Ap. 22, 2020).

Even if plaintiff's failure to comply with Local Rule 7.1 did not warrant denial of the motion, the court would still deny the motion because it is untimely. The deposition about which plaintiff complains took place on August 24, 2022. (#82 at 2.) Plaintiff filed the motion on December 28, 2022, nearly four months later. (#80.)

Moreover, in addition to sanctions, plaintiff moves for discovery, *see* #80 at 29, yet discovery closed on November 25, 2022. (#72.) Plaintiff filed no motion for an extension of time

for the close of discovery as required by Fed. R. Civ. P. 6(b)(1). *See Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 25-28 (1st Cir. 2013) (holding that litigant must show good cause for extension of time and where "a district court in the exercise of its case management authority sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance.'") (Internal citation omitted.) Plaintiff offers no reasons for the late-filing of the motion.

### IV. Conclusion.

For the above reasons, plaintiff's motion for sanctions (#80) is denied.

February 14, 2023

/s/ M. Page Kelley
M. Page Kelley
Chief United States Magistrate Judge