IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE SATANIC TEMPLE, INC. | CASE NO. 21-CV-10102 |
| PLAINTIFF, | |
| V. | JOINT STATUS REPORT |
| CITY OF BOSTON, MA | |
| DEFENDANT. | |

COME NOW the parties, by and through their respective counsel of record, who jointly report as follows in compliance with ECF 89.

1. The parties disagree as to whether there is any outstanding fact discovery. TST argues "yes" as to (1) the deposition of Wu; and (2) the chiefs of staff for Councilors Flynn, Flaherty, Baker, and Wu.

   a. *Wu – TST*. TST maintains that it was entitled to depose all of the Councilors, Wu included, by a written stipulation of the parties. ECF 25, at 1-2. Wu was the driving force behind ending the pray-for-pay policy, first enunciated the City's practice allowing only prayers by political insiders, and specifically

refused to invite TST. The Establishment Clause question is whether Wu intentionally discriminated against TST; and if so, why. TST is plainly entitled to this testimony. See ECF 47, at 7 (the Court agreed with the City's position that Wu has "extra protections from litigation discovery *absent personal involvement*.")

b. *Wu – Boston*. The City's position is that fact discovery is closed. The Plaintiff cannot depose Mayor Wu because it has not complied with the Court's orders. See e.g. ECF 63, 78, 83 Court's Orders.

c. *Chiefs of staff – TST*. TST maintains that the City never provided a Rule 30(b)(6) witness to answer questions about the City's opinions and subjective beliefs about the Councilors' refusal to invite TST. ECF 80-1, at 340 (citing *Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 817853, *1 (N.D. Ill. July 19, 2001)). The City agreed to provide backup dates from September 12 *through* September 14. ECF 80-1, at 339 and

112-115. The City agreed to provide four witnesses. ECF 80-1, at 373. But as the agreed time approached, the City narrowed its list of witnesses to three and then narrowed its willingness to provide those witnesses to just one day. One day is inadequate for three depositions. The City flatly refused to provide any discovery on the Councilors' subjective intent, the ultimate question of fact in this case, so this issue is still outstanding.

d. *Chiefs of staff - Boston*. The City's position is that fact discovery is closed. The City identified several Chiefs of Staff to testify for the City Councilors about the issue of subjective intent, but the Plaintiff never proceeded with these depositions and has not complied with the Court's orders. See ECF 83, 88, Court's Order.

2. Neither party anticipates expert discovery.

3. Both parties anticipate cross-moving for summary judgment. TST will object to the City's motion under FRCP 56(d). The

parties suggest the following briefing schedule:

   a. Cross-motions due on June 22, 2023,

   b. Responses due on July 14, 2023, and

   c. Replies due on August 4, 2023.

4. Neither party wishes to be referred to the Court's mediation program.

[*remainder intentionally left blank; signatures and certificate following*]

Respectfully submitted by:



**Matt Kezhaya**　　　　matt@crown.law
Ark. # 2014161　　　　direct: (479) 431-6112
Minn. # 0402193　　　　general: (612) 276-2216

100 S. Fifth St., Ste. 1900, Minneapolis, MN 55402

*Attorney for TST*

 

Respectfully submitted:

**DEFENDANT CITY OF BOSTON**

By its attorneys:

Adam N. Cederbaum
Corporation Counsel


　　　/s/ Elizabeth L. Bostwick
Elizabeth L. Bostwick (BBO#644498)
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall - Room 615
Boston, MA 02201
(617) 635-4031

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on March 10, 2023 which sends service to registered users, including all other counsel of record in this cause. s/ Matthew A. Kezhaya