# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE SATANIC TEMPLE, INC.

PLAINTIFF,

v.

CITY OF BOSTON, MA

DEFENDANT.

CASE NO. 1:21-CV-10102-AK

## DEFENDANT CITY OF BOSTON'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 33.1, Defendant City of Boston ("Defendant" or the "City") hereby responds to Plaintiff The Satanic Temple, Inc.'s ("Plaintiff" or "TST") Second Set of Interrogatories as follows:

### Introduction

Defendant will respond to the Interrogatories as required by the applicable rules, including Fed. R. Civ. P. 26 and 33.  The Responses provided below are based upon the information now available to Defendant after having made reasonable and diligent efforts to ascertain information responsive to the Interrogatories.  Defendant may, in the future, identify or discover additional information responsive to the Interrogatories or relative to its Responses to them.  Defendant reserves the right to revise, correct, add to, supplement, modify, or clarify the Responses set forth below or the information contained therein at any time – although Defendant does not hereby undertake to do so except to the extent required by the Federal Rules of Civil Procedure.

Defendant reserves the right to object to the competence, relevance, materiality, and admissibility of the information disclosed pursuant to its responses to Plaintiff's Interrogatories. By responding to any Interrogatory, Defendant does not concede, agree, or admit that any

answer as required by the Federal Rules of Civil Procedure and any applicable Case

Management deadlines established by the Court.

Subject to and without waiving its objections, at this time, Defendant is no longer

pursuing this affirmative defense. In the event that circumstances regarding this defense change,

Defendant reserves the right to seasonably supplement this answer.

## INTERROGATORY NO. 9
State the factual basis for Defendant's fifth affirmative defense (that "Plaintiff's claims are
barred, in whole or in part, because at all times relevant hereto Defendant acted in good faith
and, upon reasonable belief, that Defendant's actions were in compliance with relevant
authority.").

## RESPONSE TO INTERROGATORY NO. 9

Defendant objects to Interrogatory No. 9 not reasonably calculated to lead to the

discovery of admissible evidence. Defendant further objects to Interrogatory No. 8 to the extent

they seek information protected by the attorney-client privilege or the work product doctrine.

Finally, Defendant objects to Interrogatory No. 9 on the basis that discovery and Defendant's

investigation into the facts surrounding the case remain ongoing. Defendant will supplement this

answer as required by the Federal Rules of Civil Procedure and any applicable Case

Management deadlines established by the Court.

## INTERROGATORY NO. 10

State the City's policy for selecting invocators for each City Council meeting as it has been
amended from time to time. Particularly, provide: (a) state the policy in its current form; (b) state
the date of each iteration of the policy, going back to its inception; and (c) state the policy as it
was amended on the date identified in (b).

## RESPONSE TO INTERROGATORY NO. 10

Defendant objects to Interrogatory No. 10 to the extent that it attempts to extend the

scope of discovery beyond a reasonable timeframe. Specifically, Defendant objects to providing

information beyond the date of Plaintiff's complaint because that information is not relevant, is

not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of this case.

Subject to and without waiving its objections and limited to the time period of January 2011 to the date of the Complaint in this current action, Defendant states that at the beginning of each calendar year, the Central Staff Director assigns for the Council President meeting dates for each City Councilor which the designated City Councilor is responsible for coordinating the invocation, which includes inviting a guest to deliver it. The Central Staff Director prepares a schedule of the dates of the council meetings along with the names of the City Councilors responsible for securing an invocation speaker. The selection of the invocation speaker is left within the discretion of the individual City Councilors and their respective staff.

## INTERROGATORY NO. 11
State the City's basis for determining how much money to pay, compensate or donate to an invocator or an invocator's organization for giving an invocation.  (See DEF0002081-2088, which requires clergy who give the invocation to fill out paperwork and provide a completed W-9 form).

## RESPONSE TO INTERROGATORY NO. 11

Defendant objects to Interrogatory No. 11 on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. With the understanding that Plaintiff is seeking information regarding the Council's regular weekly meetings, Defendant states as follows:

Subject to and without waiving its objections and limited to the time period of January 2011 to the date of the Complaint in this current action, the stipend amount paid to invocation speakers in the past was set by vote of City Council during their budgeting process. All invocation speakers receive the amount decided upon during that budgeting process.

## INTERROGATORY NO. 12
State the name and title of everyone involved in preparing, drafting and sending all responses to Travis LaSaffre and to Malcom Jarry regarding The Satanic Temple's request to give the invocation at a City council meeting.

Respectfully submitted,

DEFENDANT,

CITY OF BOSTON,

By its attorney,
Adam N. Cederbaum,
Corporation Counsel

/s/ Nailah A. Freeman
Nicole O'Connor (BBO #675535)
Nailah A. Freeman (BBO #695910)
City of Boston Law Department
One City Hall Square, Room 615
Boston, MA 02201
Telephone: (617) 635-4064
Facsimile: (617) 635-2012
Nicole.oconnor@boston.gov
nailah.freeman@boston.gov

Dated: March 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that, on March 14, 2022, this document was served on Plaintiff by electronic mail as follows:

/s/ Nailah A. Freeman
Nailah A. Freeman