**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| THE SATANIC TEMPLE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br><br>        Defendant. | **Civil Action No. 1:21-cv-10102-AK** |

**THE CITY OF BOSTON'S RESPONSES TO PLAINTIFF'S STATEMENT OF**
**MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The City of Boston (the "City") responds, pursuant to Local Rule 56.1 and this Court's Standing Order, to the Statement of Material Facts in Support of Motion for Summary Judgment of the Satanic Temple, Inc. ("TST") [ECF Doc. No. 104].   The City sets forth this response to TST's statement of facts solely for the purposes of the pending summary judgment motions and makes no admission with respect to the facts contained therein.

1.      The City of Boston has a legislative prayer custom. The City meetings follow a standard agenda: roll call, the inviting counselor gives an endorsing introduction of the prayer-giver, directs the audience to stand for the prayer and to remain standing for the pledge of allegiance, the prayer is directed at the audience, the councilor leads the audience in the pledge of allegiance, and then the ordinary business begins. *See* August 18, 2021 prayer (conventional filing); also available at https://www.youtube.com/watch?v=qb5iu6B1TxA.

**RESPONSE:  Undisputed.  The video speaks for itself.  Further responding, the City does not dispute the facts stated in this paragraph, other than the clause "the prayer is directed at the audience." However, this is not a genuine issue.  It is unsupported by the**

**video.  At 6:10 of the video, Rev. Arlene Hall specifically addresses then-Councilor Wu, the acting Council President "and to all the members of the Boston City Council, the Lord Bless you …."  At 7:10 of the video, Rev. Hall states that she is praying "for each member of the Boston City Council …" to understand the City's differing neighborhoods, unique culture and the problems that the Council faces and needs to work through in taking the best course and making the best decisions.   The contention that the prayer is directed at the audience is in fact contrary to the undisputed evidence, which is that the invocations occur before official Council business begins.  _See_ the City's L.R. 56.1 Concise Statement of Material Facts as to Which There is no Genuine Issue to be Tried (the "City's Rule 56.1 Statement") at ¶5 and Exhibit 2.**

2. Government officials have exclusive control over the content of the prayers. Particularly, they extend invites only to their friends and political allies. Depo. Essaibi-George at 151:3-13. Churches invite politicians to church events during election season. Depo. Essaibi-George at 41:18-42:5.

**RESPONSE:  Undisputed.  The City does not dispute the bulk of this paragraph.  The City disputes the mischaracterization of the testimony of Councilor Essaibi-George that the Councilors "extend invites only to their friends and political allies" but that is not a fact material to the outcome of the motions for summary judgment, and in fact, if true, would weigh in favor of summary judgment for the City.  Councilor Essaibi-George testified that she selected people with whom she had a relationship or played an important role in her work, and expressly stated she did not speak for any other Councilor.  TST Appx. 006.  _See also_ the City's Rule 56.1 Statement at ¶38, and Exhibit 6 at pp. 148-151, 153-154, 168-169; Exhibit 13.**

3. The prayers have sometimes been used to proselytize. Appx 4 (Depo. Essaibi-George) at 108:6-7.

**RESPONSE:  Disputed.  However, this is not a genuine issue.  The City does not dispute the actual testimony of Councilor Essaibi-George cited by TST.   What the City disputes the mischaracterization of that testimony.  Councilor Essaibi-George stated that some of the invocations "probably could be described" as sermons, although the term was suggested by counsel examining the witness, rather than the witness.  TST Appx 004 at 108:6-7.  That testimony is undisputed by the City.**

4. Boston officials direct the audience to participate in the prayers. *See* August 18, 2021 prayer (conventional filing); also available at https://www.youtube.com/watch?v=qb5iu6B1TxA.

**RESPONSE:  Disputed.  However, this is not a genuine issue.  It is directly contradicted by the video.**

5. The prayers take place at a local government meeting. *See* August 18, 2021 prayer (conventional filing); also available at https://www.youtube.com/watch?v=qb5iu6B1TxA.

**RESPONSE:  Undisputed.  It is undisputed that the prayers take place immediately prior to the start of official Council business.  *See* the City's Rule 56.1 Statement at ¶5.**

6. In 2016, TST demanded equal access to the prayer opportunity. Appx 22.

**RESPONSE:  Undisputed.  The undisputed facts are that the invocation opportunties were by invite only – TST concedes that fact, and indeed pleaded it.  *See* the City's Rule 56.1 Statement at ¶¶13, 14, 16 and Exhibit 1 at pp. 52-55, 152-153; ECF Doc. No. 16 at ¶17 and ECF Doc. No. 23 at ¶17 (TST Amended Complaint and City Answer).**

7. In response to TST's demands, several individuals issued emails stating a religious objection to TST's equal inclusion. Appx 39-51.

**RESPONSE:  Undisputed.  These individuals were members of the public, not the City Councilors themselves.  TST Appx 039-051.**

8. As a result of TST's demand, then-Councilor Michelle Wu investigated the prayer practice. Appx 35-38 (Depo. Boston) at 162:23-166:20.

**RESPONSE:  Undisputed.  The City states that it is not clear from the testimony cited that the investigation was as a result of TST's 2016 demand or done by Councilor Wu, but these disputes are immaterial to the outcome of the motions for summary judgment.**

9. Then-Councilor Michelle Wu found that it was "best practice" to stop paying prayer-givers. Appx 35-38 (Depo. Boston) at 162:23-166:20.

**RESPONSE:  Undisputed.**

10. In contemplation of this very lawsuit, then-Councilor Michelle Wu directed that the prayer-givers should stop being paid. Appx 35-38 (Depo. Boston) at 162:23-166:20.

**RESPONSE:  Undisputed.  The City does not dispute that Council President Wu made the decision that it was best practice to stop the stipend in 2017.  Nothing in the cited testimony supports the statement that it was in contemplation of this lawsuit other than the contention of counsel questioning the witness.  TST Appx. 037-038.**

11. Subsequently, then-Councilor Michelle Wu first described the custom in writing: it is by invitation only, subject only to the whim of each councilor.  Appx. 22.

**RESPONSE:  Undisputed.  The City disputes the use of the word "whim," but this is not a genuine dispute.  Then-Councilor Wu stated that the "invitations are often used to recognize faith leaders who are active in the community and organizations that are representative of their districts," and that there "is no restriction or criteria based on any**

4

Councilors' religious preferences." TST Appx. 022. The City does not dispute this description of the policy for inviting invocation speakers.

12. Prayer-givers would sometimes cancel last-minute, sending the City staff into a scramble to find an appropriate prayer-giver. Appx. 25-33. None invited TST.

**RESPONSE: Undisputed. The substitute invocation givers were not always prayer givers, and it was often the City Clerk that would read from a book of reflections. *See* the City's Rule 56.1 Statement at ¶¶29, 30.**

13. TST reiterated its demands in 2018, but never received an invite. Appx. 16-21.

**RESPONSE: Undisputed.**

14. In response to TST's demands, two councilors issued written statements that they would never invite TST. Appx. 9 (Councilor Essaibi-George); 10 (Councilor McCarthy)

**RESPONSE: Disputed. However, this is not a genuine issue. Neither statement states that the two former Councilors "would never invite TST." Former Councilor Essaibi-George stated that she would not give up opportunities to highlight individuals for the incredible work that they do for the City in order to invite TST. TST Appx. 009. Former Councilor McCarthy stated: "I would not consider anyone that doesn't have a positive impact on my community, my constituents, my family and me personally," and referred to TST's efforts as "a publicity stunt." TST Appx. 010. The City does not dispute the actual statements.**

15. Other prayer-givers have been invited to give repeat performances. Two repeat performance prayer-givers are of record, each are political insiders: Dr. Hall (at least twice) and Anne Rousseau (seven times). https://youtu.be/qb5iu6B1TxA?t=375; Appx. 52; see also Appx. 57-61.

**RESPONSE:**  **Undisputed.**

Dated:  May 22, 2023

Respectfully submitted,
**CITY OF BOSTON**,

By its attorney:

ADAM CEDERBAUM
Corporation Counsel

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
Elizabeth L. Bostwick (BBO #644498)
Senior Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4045 (EFW)
(617) 635-4031 (ELB)
edward.whitesell@boston.gov
elizabeth.bostwick@boston.gov

### Certificate of Service

I, Edward F. Whitesell, Jr., hereby certify that on May 22, 2023, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.